STATE OF MISSOURI *ex rel.* C. M. GORDON, Respondent, *vs.* G. A. BURKHARDT, Moniteau County Interpleader, Appellant.

1. *Mandamus—Petition for by treasurer of school sub-district against county collector—County cannot interplead.*—In proceedings by mandamus on the relation of the treasurer of a school sub-district against a county collector to pay over to relator a railroad school tax, the county cannot interplead to be made a party. The provisions of the practice act, authorizing persons having an interest in a controversy to be made parties thereto, have no application to proceedings in mandamus.

*Appeal from Moniteau Circuit Court.*

*Ewing & Smith, with A. G. Byles,* for Appellant.

*Moore & Williams,* for Respondent.

I. Interpleader was the proper remedy for Moniteau county. (2 Sto. Eq. Jur., §§ 806, 807; Freeland vs. Wilson, 18 Mo., 380.)

HOUGH, Judge, delivered the opinion of the court

An application for a mandamus was filed in the Moniteau Circuit Court, by the relator, C. M. Gordon, treasurer of the school board of sub-district No. 8, township 45, range 15, to compel G. A. Burkhardt, sheriff and ex-officio collector of said county, and collector of said sub-district, to pay the relator, as such treasurer, the sum of two hundred and eighty dollars and eighty-nine cents, which it was alleged said Burkhart had, on the 16th day of December, 1872, as such collector, received from the Pacific Railroad as delinquent school taxes due from the said railroad to said sub-district, for the years 1869, 1870 and 1871, which he refused, after demand in writing, to pay to the relator.

An alternative writ was issued, and defendant in his return, admitted the official character of the relator, the collection of the taxes, the demand for the same, and his refusal to pay, and set up as a reason for his refusal, that the County Court of said county had made and entered of record an order commanding him to pay said funds to the county treasurer; that

said Gordon threatened to sue him if he complied with said order, and that the County Court threatened to sue him if he paid said funds to Gordon; that he was advised and believed that the law did not impose the duty or responsibility upon him of deciding to whom said funds belonged, or to whom they should be paid, and that he held the same in his possession ready to be paid over to whomsoever the court should direct: and he prayed that the county of Moniteau might be heard by its prosecuting attorney in its behalf.

Thereupon, the county of Moniteau, by its attorney, filed an application, termed an "interplea," to be made a party, admitting therein that said Burkhardt was sheriff and collector of Moniteau county and collector of said school sub-district, and alleging that the school taxes received from the Pacific Railroad for the years 1869, 1870 and 1871, and amounting in the aggregate to the sum of $3,760.40, were collected by him, not as collector of said sub-district, but as collector of Moniteau county, under and by virtue of the act in relation to the taxation of railroads for school purposes, approved March the 10th, 1871, for the use and benefit of all the school townships and other local school boards of said county; that on the 12th day of August, 1872, the County Court of said county made and entered of record an order requiring the said Burkhardt to pay said taxes, when collected, into the county treasury, to remain subject to the order of apportionment by said court to the respective townships, and that on the 8th day of February 1872, said court made a further order directing the county clerk to apportion said taxes among the school townships and other local school boards of said county; that by virtue of said apportionment, said sub-district was entitled to the sum of $353.53; that on the — day of July, 1872, said Burkhardt paid to said sub-district the sum of $637.47 out of the school taxes collected by him from the Pacific Railroad, for the years 1869, 1870 and 1871, which was a larger portion of said taxes than said sub-district was entitled to receive under the act of March 10th, 1871; that said Burkhardt had illegally paid out to school districts along the line of the Pa-

cific Railroad, to the exclusion of the other school townships of the county, the sum of $2,518.30, out of the school taxes collected by him from said railroad for said years; that there was of said taxes still in his hands the sum $1,241.57, belonging to the various townships; and he concluded by demanding the judgment of the court as to whether said sub-district was entitled to receive the sum of $280.89 of said school taxes, in addition to the amount already received, and praying that a peremptory writ of mandamus be issued, commanding said Burkhardt to pay into the county treasury the said sum of $1,241.57, for the use and benefit of the several school townships and other local boards of said county.

To this application and plea of the county Burkhardt made no answer of any kind. The relator, however, filed an answer, denying that said taxes were collected under the act of March 10th, 1871; admitting the existence of the orders of the County Court, set up by the county, but alleging that the same were illegal and void; admitting the receipt of $637.47 as charged, but denying that said sum was more than said sub-district was entitled to, and alleging that said sub-district, together with the various sub-districts lying along the line of said railroad, had assessed and levied a school tax on the property of the Pacific Railroad in said districts, for the years 1869-70-71; that said railroad having failed to pay the same, the taxes were placed in the hands of said Burkhardt, to be collected as delinquent taxes, and were so collected by him for the use and benefit of said several sub-districts, said taxes being the same set out in the plea of the county.

Moniteau county replied, denying all the affirmative allegations in this answer, and averred the validity of the orders of the County Court. At the hearing testimony was adduced on the issues of fact made between the county and the relator, and a judgment was rendered by the court, dismissing the "interplea" of Moniteau county, and awarding a peremptory writ of mandamus for the relator, to said Burkhardt, commanding him to pay to the relator said sum of $280.89. Moniteau county filed in due time a motion for a new trial,

which was overruled, and thereafter a motion in arrest of the judgment awarding the peremptory writ, which was likewise overruled, to which ruling, only the county excepted, and now alone brings the case here by appeal.

It is not perceived upon what principles, or by what authority the county of Moniteau was made a party to the original proceeding. The writ of mandamus is in form a command in the name of the State, directed to some tribunal, corporation or public officer, requiring them to do some particular thing therein specified, and which it has been previously determined that it is the duty of such tribunals or other person to perform. The writ in this case was directed to G. A. Burkhardt alone. The county had no right to make any return to an alternative writ not directed to it, if indeed the writ could be directed to a county as such. Under the statute, issues can only be made in this proceeding between the person to whom the writ is directed and delivered, and the party suing or prosecuting such writ. Although the county or the people of the county at large may have had an interest in the result of the proceeding. it could not be made a party thereto. The general provisions of the practice act, authorizing all persons having or claiming an interest in the subject matter of the controversy to be made parties plaintiff or defendant, do not apply to proceedings by writ of mandamus. The county, through its prosecuting attorney, with the consent of the defendant, Burkhardt, might, in a return in his name, have urged as a defense most, if not all, the matters set out in the petition filed by it in the cause.

Having been improperly permitted in the first instance to assert its claims to the funds in controversy in this action, no, error was committed by the Circuit Court in dismissing its petition or interplea. The return of the defendant, Burkhardt, seems to have been framed with the view of assigning himself the position of a mere stake-holder, and compelling the relator and the county to litigate their respective claims to the funds in dispute, but neither the parties nor the court could in this way transform a return to a writ of mandamus into a bill of interpleader.

The judgment of the Circuit Court, dismissing the inter plea of Moniteau county, must therefore be affirmed.  With the judgment awarding the peremptory writ of mandamus against the defendant, Burkhardt, we have nothing to do.  He is the only party who has a right to complain, and he has not appealed therefrom.  Moniteau county cannot legally complain of a judgment rendered solely against another party, and this court has no authority whatever, on the appeal of Moniteau county, to affirm or reverse that judgment.  The other judges concur, except Judge Vories who is absent