## Joe M. Adams, Justice of the Peace, v. Casey-Swasey Co.

Delivered February 20, 1897.

**1. Judgment of Justice of the Peace—New Trial.**

A Justice of the Peace has no jurisdiction to set aside his previous judgment upon an application for a new trial filed after the time prescribed by the statute has expired.

**2. Mandamus—Parties.**

In an action for mandamus to compel a Justice of the Peace to issue an execution on a judgment rendered by him, the refusal of the court to make the defendant in the judgment a party, since it is not to the detriment of the respondent, is not available to him as error.

APPEAL from Tarrant. Tried below before Hon. S. P. GREENE.

*S. W. Stewart*, for appellant.—1. All parties in interest should be made parties to a suit for mandamus. Smith v. Power, 2 Texas, 57; Cullem v. Lattimer, 4 Texas, 329; Winder v. Williams, 23 Texas, 604; Tabor v. Commissioner, 29 Texas, 521.

2. Courts of justices of the peace, being created by the Constitution, exercise within their defined limits general exclusive jurisdiction; and

the justice in this instance, having jurisdiction of the parties and the amount involved in the suit, had full power and authority to hear and determine the case, and to set the judgment aside, if the law and the evidence so warranted.    Williams v. Ball, 52 Texas, 603; Koehler v. Earle, 77 Texas, 189.

*Ross & Terrell*, for appellee.—1.   The only proper parties to mandamus are the relator or relators, claiming to be interested in the performance of some specific duty imposed by law, and which, after demand, has been wrongfully refused, and the party bound by law to perform such act or duty.   High on Extraordinary Legal Remedies, art. 314; State v. Smith, 7 S. C., 282; State v. Burkhart, 59 Mo., 78; Fry v. Reynolds, 33 Ark., 450.

2.   No new trial can be granted by a justice of the peace after the expiration of ten days from the rendition of judgment by default in his court.   Revised Statutes, art. 1651; Carter v. Commissioners, 75 Texas, 286; Odle v. Davis, 35 S. W. Rep., 721; Foster v. Martin, 20 Texas, 119.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment awarding a mandamus against the appellant, as Justice of the Peace of Precinct No. 1, Tarrant County, to compel him to issue an execution upon a judgment rendered by him, as such Justice of the Peace, in favor of the appellee, and against J. N. Graves.

The defense interposed was to the effect that, at a term of the Justice Court subsequent to that at which the judgment sought to be enforced was rendered, another judgment was entered between the same parties, in an equitable proceeding for a new trial instituted by the defendant in the judgment, setting aside the former judgment and awarding such new trial.   The first judgment was entered March 11, 1896, and the proceeding to obtain a new trial was filed June 1, 1896.

The mandamus seems to have been awarded upon the ground that the Justice Court had no jurisdiction to set aside its previous judgment upon an application for a new trial filed after the time prescribed by the statute had expired; and this view is sustained by the case of Carter v. Commissioners of Van Zandt County, 75 Texas, 286.   See, also, Odle v. Davis, 35 S. W. Rep., 721.

Certiorari from the County Court, it seems, was the remedy provided by law for the wrong which the proceeding was instituted in the Justice Court to remedy, the ninety days not having elapsed at the date of its institution.   Revised Statutes, ch. 2.   At all events, as it has been decided that the Justice Court, in such case, is without jurisdiction to set aside a judgment rendered at a former term, the first judgment remained in full force, and should have been executed.

This conclusion overrules all the assignments presented by appellant, except the first, which complains of the court's action in refusing the

application of the respondent to have the defendant in the judgment, J. N. Graves, made a party defendant to this action.

That it has never been the practice to make any other person respondent than the officer failing or refusing to perform a plain duty, seems to be well settled. High on Extraordinary Legal Remedies, sec. 440; Merrill on Mandamus, sec. 241, and authorities cited in the foot notes.

As said by the Supreme Court of Missouri in the case of State v. Burkhardt, 59 Mo., 75, "The writ of mandamus is in form a command in the name of the State directed to some tribunal, corporation, or public officer, requiring them to do some particular thing therein specified, and which it has been previously determined that it is the duty of such tribunal or other person to perform." And further: "The general provisions of the practice act authorizing all persons having or claiming an interest in the subject matter of the controversy to be made parties plaintiff or defendant, do not apply to proceedings by writ of mandamus."

This results naturally from the nature and history of the remedy. But it has also been several times held that parties interested may be brought in for the protection of their interests, though not as respondents to the writ. Merrill on Mandamus, secs. 242a, 243, and cases cited in the foot notes. This matter seems to rest largely in the discretion of the court, and unless some abuse of that discretion is shown, the refusal to make additional parties ought not to require a reversal of the judgment.

In this case the application to have the additional party brought in was made by the respondent, through his attorney, who appears from the face of the proceedings to be also the attorney for the defendant Graves in the original action. The rule which allows others to be made parties exists not for the benefit of the respondent, but for the protection of the interests of those not before the court. As the refusal at the instance of respondent to make Graves a party could not have been to the detriment of the respondent, the error assigned by him to that action should avail nothing. Besides, it is manifest that, if Graves really desired to become a party to the litigation, his attorney would have made such an application for him, and that the defense interposed was therefore purely technical and without merit.

The judgment is affirmed.                    *Affirmed.*

Writ of error refused.