### JAMES RALEY v. J. J. SWEENEY, J. P.

#### Decided January 16, 1901.

**1. Justice Court—Judgment—Appeal—Execution—Mandamus.**

A judgment was entered for plaintiff in an action in justice court, and on the same day the court, of his own motion, set it aside and rendered a judgment for defendant, from which latter judgment plaintiff appealed to the county court, and also applied thereafter to the justice to issue execution on the first judgment in his favor. Held, that after the appeal was perfected the justice had no further jurisdiction in the case, and was without authority to issue such execution, and hence mandamus would not lie to compel him to do so.

**2. Same—Power to Alter and Set Aside Judgment.**

The statutory provisions requiring motion in the justice court for new trial or to set aside judgment to be in writing and one day's notice thereof given to the opposite party, do not control the power, inherent in courts generally and in the justice courts as well, to control their judgments during the term, and there is no restriction by statute on the exercise of such power by the justice court, except perhaps that it must take place within ten days from the rendition of the judgment.

APPEAL from Bexar. Tried below before Hon. ROBT. B. GREEN.

*James Raley*, for appellant.

*Will A. Morris*, for appellee.

JAMES, CHIEF JUSTICE.—This was an application for mandamus to compel a justice of the peace to issue execution on an alleged judgment. The facts and the district judge's conclusion are as follows:

"On July 11, 1900, James Raley obtained judgment against Mrs. A. M. Mathews in the defendant's court, after service, appearance, and trial,—said cause being tried before the defendant without a jury,—in the sum of $46.20, and that said judgment was presented to the clerk

of the said justice on the morning of July 12, 1900, and was on said morning, without having been submitted to or approved by the justice, the defendant herein, recorded by said clerk in the judgment records. That on July 12, 1900, the defendant, as justice aforesaid, announced his intentions, of his own motion, of changing his judgment and rendering judgment for the defendant Mathews and against plaintiff for the sum of $44.45, on Mathews' cross-action against plaintiff, and instructed Mathews' counsel to notify Raley of his said intentions, which was accordingly done by said counsel on said morning. That thereafter, on the 12th day of July, 1900, defendant did, in open court, set aside and annulled said first mentioned judgment, and did in open court, of his own motion, render judgment for the defendant Mathews therein, and against plaintiff herein, in the sum of $44.45, and that said judgment was duly recorded in the judgment records of the court. I further find that said judgment recites due notice to the parties of the aforesaid action of the court.

"I further find that plaintiff did not appear at the entry of the last mentioned judgment, but that he filed, in due time, his appeal bond therein, and appealed said cause to the County Court of Bexar County, and that said cause is now pending on appeal in the said County Court. That after ten days from the rendition of said judgment first mentioned, to wit, August 2, 1900, plaintiff applied for execution thereon to the defendant, and the defendant refused to issue said execution. That defendant declined to issue said execution for the reason that he had set aside the judgment rendered for plaintiff, and had rendered a judgment for the defendant Mathews.

"I conclude, as a matter of law, that when plaintiff appealed from the judgment of the justice of the peace and said appeal was perfected, the justice of the peace had no further jurisdiction in the case, and that when application was made for the issuance of execution, the cause was pending on appeal in the County Court, and the justice had no authority to issue an execution on the judgment of July 11th."

Besides the question indicated in the judge's conclusion of law (with which conclusion we agree), appellant makes the point that the justice acted without jurisdiction in setting aside the first judgment entered and in entering the second, in this, that under the statutes relating to new trials in justice courts (Sayles' Civil Statutes, articles 1651, 1653, 1654) motions for new trial or to set aside judgment are required to be in writing and one day's notice given the opposite party. The second entry was made within ten days after the original judgment.

These articles, in our opinion, have no reference to the exercise of the power inherent in courts generally to control their judgments during the term. This power exists in justice courts in this State, and there is no restriction by statute on its exercise, except probably that it must take place within ten days. The proceeding was not void. The judgment is affirmed.

*Affirmed.*