FIRST NATIONAL BANK OF CENTER V. CHARLES T. ROWLAND ET AL.

Decided January 12, 1907.

**1.—Mandamus—Expiration of Term of Office.**

Questioned whether a court should entertain jurisdiction of a suit for mandamus to compel an officer to do an official act, after the officer's term of office had expired.

**2.—Justice of the Peace—New Trial—Statute Construed.**

While, under a literal construction of article 1652, Revised Statutes, a justice of the peace might be empowered to grant a new trial at any time within ten days after the rendition of the judgment, even though the term of his court had expired, still, under and in view of other provisions of the statutes, it must be held that such power is limited to the term of the court at which the judgment was rendered.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*C. M. Templeton,* for appellant—The statute having expressly provided that any justice of the peace may, at any time within ten days after the rendition of a judgment in any case tried before him, grant a new trial therein; the defendant, Rowland, as justice of the peace, had the right to grant a new trial after the expiration of his term, provided he acted within ten days after the rendition of said judgment. Rev. Stats., arts., 1651 and 1652; Rev. Stats., arts. 1677; Carter v. Commissioners of Van Zandt County, 75 Texas, 286; Adams v. Casey, 15 Texas Civ. App., 380; Odle v. Davis, 35 S. W. Rep., 721; Texas & Pac. Ry. Co. v. Gill, 9 Texas Civ. App., 139; Raley v. Sweeney, 24 Texas Civ. App., 620.

Upon the proposition that a motion for new trial is overruled by operation of law on the tenth day after the judgment is rendered, provided the justice of the peace does not act upon such motion, appellant cites: Jones v. Collins, 70 Texas, 752; Texas & Pac. Ry. v. Gill, 9 Texas Civ. App., 139; Jackson v. Coates, 43 S. W. Rep., 24; Brooks v. Acker, 60 S. W. Rep., 800; Grant v. Fowzes, 3 Texas App. Civ., sec. 105.

One day's notice of motion for new trial shall be given to the opposite party or his attorney. Rev. Stats., art. 1654.

That the law provided by statute for new trials in the District and County Courts is not applicable to Justice Courts, where there is a special provision in regard to new trials in Justice Courts, appellant cites: Vobel v. Lawrenceburgh, 49 Ind., 218; Kerner v. Petigo, 25 Kan., 652; Weimmer v. Sutherland, 74 Cal., 341; Rev. Stats., art. 1677.

Justice, and not District Court statute, prevails. Missouri Pac. Ry. Co. v. Ivy, 79 Texas, 444.

*S. W. Marshall,* for appellee.—A justice of the peace has no authority to grant a new trial, after the expiration of the term at which the judgment was rendered, and the justice, Rowland, correctly held that the granting of the new trial by him after the expiration of his term was erroneous. Rev. Stats., 1895, art. 1652; Rev. Stats., 1895, art. 1655; Bond v. Rintleman, 24 Texas Civ. App., 298; Parker v. Boyd, 42 S. W. Rep., 1031; Adams v. Casey, 15 Texas Civ. App., 380; Carter v. Commissioners of Van Zandt Co., 75 Texas, 286.

That Justice Court has control of its judgments in a similar manner to District Courts: Texas & Pac. Ry. Co. v. Gill, 9 Texas Civ. App., 139; Raley v. Sweeney, 24 Texas Civ. App., 620.

SPEER, Associate Justice.—This is a proceeding instituted by appellant in the District Court of Tarrant County for a mandamus to compel appellee Charles T. Rowland, a justice of the peace, to proceed to trial in a certain cause in his court wherein appellant was a party defendant. The District Court refused appellant's application for a writ and filed his findings of fact, which we adopt, to wit:

"On June 5, 1903, the Commercial National Bank of Shreveport, Louisiana, instituted suit in the Justice Court of precinct number 1, Tarrant County, Texas, before Justice of the Peace Charles T. Rowland, against the Farmers & Mechanics National Bank of Fort Worth, National Exchange Bank of Dallas, Texas, Commercial National Bank of Nacogdoches, Texas, B. W. Pearce, J. T. Polly and the First National Bank of Center, Texas.

"On November 9, 1903, the case was tried, and said Rowland, as justice of the peace, rendered judgment in said cause in favor of the plaintiff, against the First National Bank of Center, Texas, for $154.50, with judgment over for said defendant against his co-defendant J. T. Polly, for the same amount, and further, that plaintiff take nothing of the other defendants.

"On November 9, 1903, being the same day the judgment was rendered, a motion for a new trial was filed in due form, by the First National Bank of Center.

"On November 18, 1903, said motion was by said justice heard and granted; but on November 12, 1903, six days before the granting of the motion for new trial, and three days after the filing of said motion, the term of the court of said justice of the peace, during which said judgment had been rendered, the same being his October term, had adjourned, and his November term began November 12, 1903.

"It was not through the default of any of the other parties to said suit, or of the justice of the peace, that said motion for new trial was not acted upon before the expiration of said term of court; and no order was

made by the justice of the peace during the term at which it was filed, continuing said motion to the next term of his court, and said motion was not called to the attention of the justice of the peace during the term at which it was filed.

"Said cause was set down for trial on February 18, 1904, and all parties to said cause, by their attorneys, appeared in court for the hearing of said case, but before proceeding to the hearing of said cause upon its merits, the parties in whose favor judgment had been rendered in said cause, made a motion in open court, that the order entered in said cause, on November 18, 1903, granting a new trial, be set aside and held for naught and void, because said order had been entered by said court after the expiration of its term, which motion the court sustained, and entered the following order on his trial docket immediately under the former order granting motion for new trial, to wit: 'February 18, 1904. This motion nullity. Granted after expiration of term of court.'

"The said First National Bank of Center, Texas (plaintiff herein), did not appeal from said order.

"On the 14th day of N.vember, 1904, plaintiff filed its petition for mandamus in the Seventeenth District Court of Tarrant County, Texas, upon practically the same cause of action as set out in its petition herein. Upon the hearing of said cause by the Seventeenth District Court, it was, by said court, taken under advisement, and on the 14th day of February, 1905, said cause was by mistake, dismissed for want of prosecution. Plaintiff took no further action until the 17th day of July, 1905, when this suit was filed.

"The National Exchange Bank of Dallas, one of the defendants in the case, was represented by its attorney, S. W. Marshall, residing in Dallas, and Judge M. B. Harris, residing in Fort Worth, representing another defendant, but they were not associated together as joint counsel, and neither had authority to represent the other's client. After the trial Mr. Marshall arranged with Judge Harris for the latter to notify him of any other developments in the case after judgment had been rendered therein, in favor of the plaintiff, Commercial National Bank of Shreveport, as above recited. Judge Harris had due notice of the filing of said motion for a new trial, but neither he nor any one else notified Mr. Marshall of the filing of said motion until after the same was heard and granted."

We are inclined to the view that the action should be here dismissed for the reason that we judicially know that appellee Charles T. Rowland is no longer justice of the peace in Tarrant County (Cannon v. Cannon, 66 Texas, 682; note to Lanfear v. Mestier, 89 Am. Dec., 685), and a writ directed to him, commanding him to proceed to trial as such justice, would be a useless thing. But aside from this, we think the judgment of the District Court denying the writ must be affirmed, which gives the same result. The insistence of appellant is that since article 1652 of the Revised Statutes provides that any justice of the peace may "at any time within ten days after the rendition of any other judgmen. in any suit tried before him, grant a new trial therein, etc.," the effect is to empower the justice of the peace to grant a new trial at any time literally within ten days, even though the term of his court may sooner have expired. But we do not think the Legislature meant to confer any

such extraordinary power on that officer. The granting of a new trial is a judicial act, and is ordinarily the act which gives the character of finality to the judgment. Courts have no authority to perform judicial acts out of term time except where specially authorized to do so by statute. If the Legislature had meant to confer power upon justices of the peace to grant new trials in vacation, it could easily have employed language clearly indicating such purpose. Article 1374 of the Revised Statutes, applicable to District and County Courts, expressly declares that all motions for new trials shall be determined at the term of the court at which such motion is made, and we think article 1652, above referred to, is a further limitation upon the power of the justice of the peace, in that that officer must not only act upon the motion for new trial within term time, but also within ten days after the rendition of judgment. The language of this article can not be held to be absolute, but must be construed in the light of the well known rule of law above referred to, that judicial acts are to be performed within term time. The principle is well illustrated in the case of Bond v. Rintleman, 24 Texas Civ. App., 298, wherein this very article was under consideration, and it was held in effect that where the tenth day after judgment fell on a Sunday, only nine days were left to the justice in which to grant a new trial, since Sunday is *dies non juridicus.*

The District Court committed no error in refusing the writ of mandamus and its judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.