IRWIN v. CUNNINGHAM.   (No. 5498.)

(Court of Civil Appeals of Texas. San Antonio. June 2, 1915. Rehearing Denied June 23, 1915.)

JUSTICES OF THE PEACE ⊂⊃122—JURISDICTION—VACATION OF DEFAULT.

Under Rev. St. 1911, art. 2374, declaring that any justice of the peace shall have the power at any time within ten days after judgment by default to set it aside on motion in writing for good cause shown supported by affidavit, a default judgment cannot, after the expiration of the ten-day period, be set aside by the justice.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 382–388; Dec. Dig. ⊂⊃122.]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Action by G. A. Irwin against R. E. Cunningham. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

B. L. Aycock, of Kountze, for appellant. Hightower, Orgain & Butler, of Beaumont, and Baker, Botts, Parker & Garwood, of Houston, for appellee.

MOURSUND, J. On March 7, 1914, G. A. Irwin, appellant herein, obtained a judgment by default against the Texas & New Orleans Railroad Company in the justice's court of precinct No. 1 of Hardin county, for the sum of $20 and costs. The judgment was duly entered and signed upon the docket by R. E. Cunningham, justice of the peace. On March 9, 1914, the railroad company filed its motion for a new trial. On March 20, 1914, the railroad company filed its amended motion for new trial. Said amended motion was presented on the same date, and was granted, an order being duly and regularly entered in the docket. On March 24, 1914, Irwin filed a motion in said cause asking that the justice set aside the order granting a new trial, demanding therein that execution issue on the judgment entered March 7, 1914. On September 16, 1914, Irwin instituted this suit against Cunningham, setting up the facts above detailed, and praying for a writ of mandamus requiring Cunningham to issue execution upon the judgment. Judgment was entered in favor of defendant, and at plaintiff's request findings of fact and conclusions of law were filed. As his findings of fact the court adopted the allegations contained in certain paragraphs of plaintiff's petition. The facts so alleged have already been stated in this opinion.

The conclusion of law was to the effect

that, as the justice's court is a court of general jurisdiction within the limits prescribed by law, and there being no proof that the justice of the peace had adjourned his March term of court, the order setting aside the judgment of March 7, 1914, was not shown to be invalid. Appellant contends that the justice's court has no power to grant a motion for new trial in a case where judgment has been rendered by default unless such power is exercised within ten days after entry of the judgment. Article 2374, R. S. 1911, reads as follows:

"Any justice of the peace shall have power, at any time within ten days after the rendition of a judgment by default or of dismissal, to set aside such judgment, on motion in writing, for good cause shown, supported by affidavit. Notice of such motion shall be given to the opposite party at least one full day prior to the hearing thereof."

This article has been held to give the justice power only to grant a new trial within ten days after rendition of the judgment. After the expiration of that time he loses all authority to set the judgment aside. Grant & Kenner v. Fowzes Bros., 3 Willson, Civ. Cas. Ct. App. § 105; Jones v. Collins, 70 Tex. 753, 8 S. W. 681; Carter v. Van Zandt Co., 75 Tex. 286, 12 S. W. 985; Odle v. Davis, 35 S. W. 721; Bank v. Rowland, 45 Tex. Civ. App. 3, 99 S. W. 1043; Bond v. Rintleman, 24 Tex. Civ. App. 298, 59 S. W. 48; Adams v. Casey-Swasey Co., 15 Tex. Civ. App. 379, 39 S. W. 654; Dickensheets v. Hudson, 167 S. W. 1097; Jones v. Curtis, 56 Tex. Civ. App. 181, 120 S. W. 531. The article was re-enacted in 1895, after being construed in some of the cited cases, and no change was made in its wording.

Appellee, without discussing the above-cited cases, contends that the Supreme Court announced a different rule in the case of Cohen v. Moore, 101 Tex. 45, 104 S. W. 1053. In that case the justice's court set aside its judgment on the same day it was rendered, without any written motion, and announced that the case would be continued until the next term. On the eleventh day thereafter it set aside or ignored the ruling with reference to the continuance, tried the case, and entered judgment. The Supreme Court held that such judgment was not void. This conclusion carried with it the following rulings: (1) The justice's court had the power to set aside its judgment on the day it was rendered without any motion for new trial. (2) It had the power, after ten days from the date on which the case was continued, to set aside the order continuing the case. (3) It had the power, notwithstanding article 2378, Revised Statutes 1911 to retry the case, without the agreement of the parties, at the same term at which a new trial had been granted. The first ruling is in accord with the holding of this court in the case of Raley v. Sweeney, 24 Tex. Civ. App. 620, 60 S. W. 573, and is not in conflict with the

holding that the judgment cannot be set aside after ten days from its date. The second holding is also not in conflict with the other cases cited, unless the word "judgment," as used in article 2374, be construed to mean any order. This cannot be done. The third ruling is not in conflict with the cases cited by us, because it involves the construction of a different article of the statutes, an article which directs that the case shall be continued when a new trial is granted.

The court used the following broad language in the Cohen v. Moore Case:

"The power to set aside at the same term at which they are rendered its judgments and orders is one inherent in every court of general jurisdiction, and it is not taken away by the statutory provisions which regulate the subject of new trials and the setting aside of defaults. This has repeatedly been held with reference to the district and county courts, in which the statutes prescribe the times for filing such motions, and require them to be in writing as fully as is required in justice's courts. The principle was applied to justice's courts by the Court of Appeals in the case of Hinzie v. Ward, 1 White & W. Civ. Cas. Ct. App. § 1314."

The case referred to was one in which the court corrected its judgment so as to make it conform to that actually rendered. We have no doubt of the power of the court to do what was done in that case.

In considering the meaning of the above-quoted statement made by the court in the case of Cohen v. Moore, it must be remembered that the court was not construing article 2374, or discussing the question whether the inherent power of the court was greater than the express mandatory legislative provision, but had in mind a directory statute, which it was comparing to other directory statutes providing for the performance of certain acts by parties in order to avail themselves of the statutory right to have the court decide whether or not to grant a new trial. As no intimation was made of a belief that the decisions cited by us were erroneous, and we believe that said decisions are correct, we must decline to place this court in conflict therewith.

The judgment of the trial court is reversed, and judgment here entered awarding appellant the writ of mandamus in accordance with the prayer of his petition.