SIDDALL v. HUDSON. (No. 7505.)

(Court of Civil Appeals of Texas. Galveston. June 25, 1918.)

NAVIGABLE WATERS &#x229C;45—ABANDONED BED OF NAVIGABLE STREAM—EFFECT ON ABUTTING PROPERTY.

Where navigable river, during overflow, left its old bed and formed a new one, title to old bed remained in state, and boundary lines of abutting property remained the same; the change being the result of an avulsion, though only main body of river changed channel during overflow, and drying up of old bed was gradual process.

On Supplemental Motion for Rehearing. Motion granted.

Former judgment (201 S. W. 1029) set aside, and judgment of lower court affirmed.

GRAVES, J. The supplemental motion for rehearing presented in this cause by the appellee is so convincing that not only has it

&#x229C;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

been permitted to be filed, and consideration given it, but has impelled the conclusion that it ought to be granted.

In disposing of the second ground presented in the original motion for rehearing (Siddall v. Hudson, 201 S. W. at page 1032), it was suggested that appellant's answer, the sole source of any showing that there might be other claimants of the land sought to be surveyed, probably did not disclose sufficient facts concerning the ownership of the abutting lands, including the names of the claimants and the nature of their claims, to justify a reversal because they were not made parties to the proceedings. A re-examination of that pleading has satisfied us that it did not, from which it follows that a reversal could not be ordered upon that ground, and paragraph 1 of our original opinion is accordingly so modified. Byrne v. Robinson, 103 Tex. 20, 122 S. W. 256; State v. Goodnight, 70 Tex. 682, 688, 11 S. W. 119; Adams v. Casey-Swasey, 15 Tex. Civ. App. 379, 39 S. W. 654.

Upon the second and controlling question discussed originally and on the first rehearing, the effect of our conclusion upon which the decision turned was that the abandonment of the original channel of the river and its conversion into the neck of terra firma sought to be appropriated as state land was not the result of an avulsion, but on account of its gradual emergence was to be considered more in the nature of an accretion or reliction; and a summary of the facts inducing it was given in the opinion on rehearing. 201 S. W. 1031. Since our opinions were written, however, the Supreme Court of the United States, in the very recent case of State of Arkansas v. State of Tennessee, 246 U. S. 158, 38 Sup. Ct. 305, 62 L. Ed. 638, has held that the precise state of facts we thus found to have supervened upon the changing of the main body of the flowing stream during an overflow is not to be regarded as constituting the process known as accretion, but as an ultimate effect of the first sudden and rapid change in channels; that is, of an avulsion. We quote as follows from the court's opinion:

"If the stream from any cause, natural or artificial, suddenly leaves its old bed and forms a new one, by the process known as an avulsion, the resulting change of channel works no change of boundary, which remains in the middle of the old channel, although no water may be flowing in it, and irrespective of subsequent changes in the new channel. * * * An avulsion has this effect, whether it results in the drying up of the old channel or not. So long as that channel [referring to the abandoned channel of the Mississippi river] remains a running stream, the boundary marked by it is still subject to be changed by erosion and accretion; but, when the water becomes stagnant, the effect of these processes is at an end. The boundary then becomes fixed in the middle of the channel, as we have defined it, and the gradual filling up of the bed that ensues is not to be treated as an accretion to the shores, but as an ultimate effect of the avulsion."

To the same effect are the following authorities: Stockley v. Cissna, 119 Tenn. 135, 104 S. W. 797; State v. Muncie Pulp Co., 119 Tenn. 47, 104 S. W. 456; 29 Cyc. 350, "Navigable Waters," note 78.

Little else need be said. This authoritative pronouncement of the highest court in the land upon the controlling question presented in the case before us is directly counter to our own former determination of it, a condition we are unwilling to permit to stand, notwithstanding petition for writ of error to this court in this cause has already been filed in the Supreme Court of Texas.

We accordingly grant the supplemental motion of appellee for rehearing, reverse our prior holding that the "old river" here sought to be surveyed was not state land, set aside our previously entered judgment reversing and rendering this cause for appellant, and order the judgment of the court below affirmed.

Supplemental motion of appellee for rehearing granted, former judgment of this court set aside, and judgment of lower court affirmed.