## SMITH v. OWENS. (No. 2833.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 13, 1923.)

**1. Justices of the peace ⊙⟱196(2)—County court's jurisdiction could not attach to case in justice court until final disposition.**

The jurisdiction of the county court over a case in justice court being appellate only could not attach until final disposition, and certiorari to remove a cause after the justice court had set aside the judgment should have been dismissed.

**2. Justices of the peace ⊙⟱130—Order setting aside judgment left case standing for new trial.**

An order of the justice court setting aside judgment left the case standing for new trial and was not a final disposition.

**3. Justices of the peace ⊙⟱122(5)—Court could set aside judgment within ten days without notice to opposite party.**

A justice of the peace had power to set aside a default judgment of his court within ten days after rendered, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2374, so providing, notwithstanding written notice to opposite party was not given as required in the same article.

Appeal from Bowie County Court; O. N. Pirkey, Judge.

Action by Sims Smith against R. L. Owens before a justice of the peace and removed by certiorari to the county court. From a judgment for defendant, plaintiff appeals. Reversed and remanded, with instructions.

This was a suit by appellant against appellee to recover possession of a certain horse, or its value, alleged to be $100. The suit was commenced in a justice court, where, on January 26, 1923, a judgment by default granting appellant the relief he sought was rendered. The judgment so rendered was set aside by an order made January 29, 1923. The cause, of course, then stood for trial anew. But, so far as the record sent to this court shows to the contrary, it was never tried again, nor was any action of any kind ever afterward had in it in the justice court. Alleging that the justice of the peace, notwithstanding he had set aside the judgment as stated, had issued an execution thereon against him, which a constable was threatening to levy on property he owned, appellee applied to the county judge for a writ of certiorari to remove the cause to the county court. The county judge granted the application, and the writ

was duly issued February 26, 1923. A trial of the cause in the county court resulted in a judgment in appellee's favor, whereupon appellant prosecuted this appeal.

Keeney & Dalby, of Texarkana, for appellant.

Sid Crumpton, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1-3] We think it appeared that the county court was without power to hear and determine the cause, and therefore that the certiorari should have been dismissed. The jurisdiction of that court was appellate only and could not attach until the cause was finally disposed of in the justice court. The effect of the order of the justice of the peace made January 29, setting aside the judgment he rendered January 26, was to leave the case standing in his court for trial anew there, and it was not shown that he ever set aside the order or tried the cause anew. The contention is that the order setting aside the judgment was made without notice to appellant, and for that reason was void. As supporting the contention appellant refers to article 2374, Vernon's Statutes, and to Aycock v. Williams, 18 Tex. 393, and Smith v. Carroll, 28 Tex. Civ. App. 330, 66 S. W. 863, construing same. The article of the statutes specified is as follows:

"Any justice of the peace shall have power, at any time within ten days after the rendition of a judgment by default or dismissal, to set aside such judgment, on motion in writing, for good cause shown supported by affidavit. Notice of such motion shall be given to the opposite party at least one full day prior to the hearing thereof."

It seems to have been held in the cases cited that the effect of the statute was to deny to a justice of the peace a right to grant a new trial in the absence of a written motion therefor and notice thereof to the opposite party. But a Court of Civil Appeals having determined in Raley v. Sweeney, 24 Tex. Civ. App. 620, 60 S. W. 573, that such was 'not the effect of the statute, and that a justice of the peace had power at any time within ten days after he rendered a judgment to set same aside, another Court of Civil Appeals certified the question made by the conflict to the Supreme Court, which determined it as the Court of Civil Appeals did in Raley v. Sweeney, thereby, in effect, overruling Aycock v. Williams and Smith v. Carroll. Cohen v. Moore, 101 Tex. 45, 104 S. W. 1053; Id. (Tex. Civ. App.) 103 S. W. 422.

The judgment will be reversed and the cause will be remanded to the county court, with instructions to dismiss the certiorari.

⊙⟱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes