**RICHBURG v. BALDWIN, Justice of Peace.**

**No. 11850.**

Court of Civil Appeals of Texas. Dallas.

Dec. 14, 1935.

Rehearing Denied Jan. 18, 1936.

Wright K. Smith, of Dallas, for appellant.

Callaway & Reed and W. S. Campbell, all of Dallas, for appellee.

LOONEY, Justice.

This is an appeal by Mary Richburg from an adverse judgment rendered in an action brought by her against E. John Baldwin, justice of the peace in and for precinct No. 1, Dallas county, seeking a writ of mandamus to compel the issuance of an execution on a judgment rendered by said justice in favor of appellant against the Universal Life Insurance Company (a corporation) for the sum of $117.20. Omitting matters deemed immaterial, the record discloses that, on July 24, 1933, appellant recovered judgment by default with writ of inquiry in the justice court presided over by appellee, against the Universal Life Insurance Company (Inc.), which was made final on the following day, with the result just stated. On August 25, 1933, at the same term, but more than ten days after the rendition of final judgment, the insurance company moved for a new trial based upon equitable grounds that doubtless were sufficient, if presented in time for consideration; however, the motion was sustained, the default judgment set aside, and the cause continued. Thereafter, appellant filed a motion, praying that the court set aside the order, vacating the default judgment, reinstate same, and for the issuance of execution thereon. The motion being overruled, appellant instituted this suit with the result above stated.

Appellant challenges the power of the justice of the peace to set aside the default judgment after the expiration of ten days from its rendition. This contention is sustained. The action of appellee called in question was and is a nullity. Our courts have repeatedly held that a justice of the peace is without authority to set aside a judgment and grant a new trial after the expiration of ten days from its rendition. Appellant was entitled to execution on the judgment as a matter of legal right. Article 2439, R.S. 1925; Grant v. Fowzes, 3 Willson, Civ.Cas.Ct.App. § 105; Jones v. Collins, 70 Tex. 752, 8 S.W. 681; Irwin v. Cunningham (Tex. Civ.App.) 177 S.W. 986, authorities cited; Carter v. Commissioners of Van Zandt County, 75 Tex. 286, 12 S.W. 985; Odle v. Davis (Tex.Civ.App.) 35 S.W. 721; Adams v. Casey-Swasey Co., 15 Tex.Civ.App. 379, 39 S.W. 654.

In the circumstances, we think the remedy of the insurance company was to have appealed the case to the county court, by writ of certiorari. See articles 941–960, 2460, R.S. 1925.

The contention is made that the district court was without jurisdiction to entertain the suit and issue the writ prayed for. This contention is denied. In a similar situation presented in Anderson v. Ashe, 99 Tex. 447, 451, 90 S.W. 872, 873, the Supreme Court said: "The amount of the claim was not in controversy in this case. The relator did not seek any judgment of the court as to the amount or the validity of his claim, but simply to enforce the performance of a ministerial act enjoined by law." Also see De Witt County v. Wischkemper, 95 Tex. 435, 67 S.W. 882; 11 Tex.Jur. § 143, pp. 926–929.

We think the court below erred in refusing the writ; therefore its judgment is reversed, and judgment is here rendered for appellant, granting the writ of mandamus as prayed for.

Reversed and rendered.