

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. J. Timmins
Supervisor, Mutual Assessment Insurance
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-2670
Re: Section 4 of Article 4859f, Vernon's
Annotated Texas Civil Statutes - Final
Judgments against Mutual Assessment Life
Insurance Corporations - Justice Courts -
Appeal - Certiorari.

Your request for opinion has been received and
carefully considered by this department. We quote from your
letter as follows:

"I am enclosing my complete file with refer-
ence to a judgment against the Bankers Health and
Accident Company of America, Houston, Texas, in
favor of R.H. Adair. The only question involved
is whether or not the judgment is final. The firm
of Crane and Clarner, who secured the judgment,
takes the position that it is final; the company
takes the position that it is not final.

"Please advise me with reference to the matter
in order that I may intelligently answer Crane and
Clarner, Attorneys at Law, Raymondville, Texas."

The file you enclosed contains a certified copy of
a judgment in favor of plaintiff claimant against defendant
insurance company in the sum of $231.36, plus costs of $5.65,
dated June 17, 1940, and rendered in the Justice Court of
Precinct No. 1 of Willacy County, Texas.

Your file also discloses letters from plaintiff's
attorneys stating that said judgment is more than ten days old
and therefore final. Said attorneys in their letters request
that the Board of Insurance Commissioners take action in the
matter.

Your file also discloses that on August 8, 1940,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

you called the judgment to the attention of defendant insurance company and requested an explanation from said company as to why said judgment had not been paid. By letter dated August 9, 1940, in answer to your request, defendant company made the following explanation:

"We are very glad to advise you that this case has had our attention, but the attorney that we hired to represent us evidently did not attend to it and default judgment was taken.

"You probably know this was a suit where we changed a policy to comply with Senate Bill 135 and the man did not like the policy and sued for all of his premiums he paid under the old contract.

"We have ninety days in which to effect an appeal from June 15th, and the matter will have our attention."

You have also informed us that defendant is a mutual assessment life insurance company and is subject to Section 4 of Article 4859f, Vernon's Annotated Texas Civil Statutes.

Section 4 of Article 4859f, Vernon's Annotated Texas Civil Statutes, applies to defendant company and reads as follows:

"Sec. 4. Before any certificate or permit shall issue to any corporation under the terms of this Act, the corporation shall furnish the Board of Insurance Commissioners with evidence of the fact that the corporation has on deposit with some bank or trust company in this State subject to the payment of its obligations for benefits due under its policies or certificates wheresoever incurred a sum equal to the face value of the maximum loss insured by said corporation in any individual policy issued by it. Said deposit shall not be subject to check by the corporation, but the corporation may draw the interest, if any, accruing on said deposit. Said deposit shall be held for the protection of policyholders and claimants wheresoever the rights of said policyholders and claimants may have

Honorable J. J. Timmins, Page 3

acorued or been incurred, the purpose of said fund
being to guarantee the payment of the amount owing
by the corporation on any valid claim against such
corporation for benefits under a policy or certifi-
cate after determination by the court of final juris-
diction wherever rendered.  Said deposit shall be
subject to the extraordinary writs of attachment
and garnishments as provided by the laws of this
State, but said writs shall not issue until final
judgment has been rendered against the corporation.
If said fund shall become depleted or shall become
impounded by some process of a court, then the Board
of Insurance Commissioners shall require the corpora-
tion to immediately restore said deposit to its origin-
al sum, and upon the failure of the corporation to so
restore said deposit within ten (10) days after such
notice, the Board of Insurance Commissioners shall
call upon the Attorney General to proceed against
the corporation as provided in Section 13 of this
Act."

Article 2431, Vernon's Annotated Texas Civil Statutes,
referring to judgments in the Justice Court, reads as follows:

"The judgment shall be recorded at length in
the justice's docket, and shall be signed by the
justice; clearly state the determination of the
rights of the parties in the subject matter in con-
troversy and the party who shall pay the costs,
and shall direct the issuance of such process as
may be necessary to carry the judgment into exe-
cution."

Article 2439, Vernon's Annotated Texas Civil Sta-
tutes, reads as follows:

"A justice may within ten days after the
rendition of a judgment by default or of dismissal,
set aside such judgment, on motion in writing, for
good cause shown, supported by affidavit.  Notice
of such motion shall be given to the opposite party
at least one full day prior to the hearing thereof."

The case of Richberg vs. Baldwin, 89 SW (2nd) 851,
holds that a Justice of the Peace was without authority to set

Honorable J. J. Timmins, Page 4

aside a default judgment and was without authority to continue the cause after the expiration of ten days from its rendition and that therefore the plaintiff was entitled to execution on his judgment as a matter of right.

Article 2445, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The judgments of the justice courts shall be enforced by execution or other appropriate process. Such execution or other process shall be returnable in sixty days."

Article 2448, Vernon's Annotated Texas Civil Statutes, reads as follows:

"On the eleventh day after the rendition of any final judgment, if the case has not been appealed, and no stay of execution has been granted, the justice shall issue an execution for the enforcement of such judgment and the collection of the costs."

Article 2454, Vernon's Annotated Texas Civil Statutes, reads as follows:

"A party to a final judgment in any justice court may appeal therefrom to the county court where such judgment, or the amount in controversy, shall exceed twenty dollars exclusive of costs, and in such other cases as may be expressly provided by law."

The case of Mo. Pac. Ry. Co. vs. Houston Flour Mills, 2 App. C.C. 573, holds that the original judgment in the Justice Court disposing of a case becomes final on the expiration of ten days after its rendition, if a motion for new trial has not been made and that when a motion for new trial is made, the judgment becomes final when such motion has been overruled.

The case of Dillard vs. Allison, 40 SW 1023, holds that in a Justice Court, where after a verdict is rendered against the plaintiff, the justice adjudged the costs against the plaintiff, and awarded execution, said judgment was a final

Honorable J. J. Timmins, Page 5

judgment from which the plaintiff might appeal.

Article 2455, Vernon's Annotated Texas Civil Statutes, reads as follows:

"In all counties in which the civil jurisdiction of the county courts has been transferred to the district courts, appeals and writs of certiorari may be prosecuted to remove a case tried before a justice of the peace to the district court, in the same manner and under the same circumstances under which appeals and writs of certiorari are allowed by general law to remove causes to the county court."

Article 2456, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The party appealing, his agent or attorney, shall, within ten days from the date of the judgment, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on appeal. When such bond has been filed with the justice, the appeal shall be held to be thereby perfected and all parties to said suit or to any suit so appealed shall make their appearance at the next term of court to which said case has been appealed without further notice."

Article 941, Vernon's Annotated Texas Civil Statutes, reads as follows:

"After final judgment in a justice court in any cause except in cases of forcible entry and detainer, the cause may be removed to the county court by writ of certiorari (or if the civil jurisdiction has been transferred from the county to the district court, then to the district court,) in the manner hereinafter directed."

Article 942, Vernon's Annotated Texas Civil Statutes, reads as follows:

Honorable J. J. Timmins, Page 6

"The writ of certiorari shall be issued by order of the county court or the judge thereof (or district court or judge thereof, if jurisdiction is transferred to the district court,) as provided in the preceding Article."

Article 943, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The writ shall command the justice to make and certify a copy of the entries in the cause on his docket, and transmit the same, with the papers in his possession, to the proper court on or before the first day of the next term thereof. If there is not time for such transcript and papers to be filed at such term, then they shall be so filed at the next succeeding term of said court."

Article 945, Vernon's Annotated Texas Civil Statutes, reads as follows:

"To constitute a sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect."

Article 946, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Such writ shall not be granted after ninety days from the final judgment of the justice." (underscoring ours)

Article 947, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The writ shall not be issued unless the applicant shall first cause to be filed a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to the adverse party, in such sum as the judge shall direct, to the effect that the party applying therefor will perform the judgment of the county or district court, if the

Honorable J. J. Timmins, Page 7

same shall be against him."

Article 949, Vernon's Annotated Texas Civil Statutes, reads as follows:

"As soon as such affidavit, order of the judge, and bond, shall have been filed, the clerk shall issue a writ of certiorari."

Article 950, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Upon service of such writ of certiorari being made upon the justice of the peace, he shall stay further proceedings on the judgment and forthwith comply with said writ." (Underscoring ours)

Article 951, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Whenever a writ of certiorari has been issued, the clerk shall forthwith issue a citation for the party adversely interested."

Article 952, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The action shall be docketed in the name of the original plaintiff, as plaintiff, and of the original defendant, as defendant."

Article 953, Vernon's Annotated Texas Civil Statutes, reads as follows:

"At the first term of the court to which the certiorari is returnable, the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit, or for want of sufficient bond."

Article 955, Vernon's Annotated Texas Civil Statutes reads as follows:

"If the certiorari be dismissed, the judgment

Honorable T. J. Timmins, Page 8

shall direct the justice to proceed with the
execution of the judgment below."

Article 959, Vernon's Annotated Texas Civil Statutes,
reads as follows:

"The cause shall be tried de novo, in the
county or district court; and judgment shall be
rendered as in cases appealed from justice courts."

Article 960, Vernon's Annotated Texas Civil Statutes,
reads as follows:

"Appeals and writs of error from the judg-
ments of the county or district court, in cases of
certiorari from justice courts, shall be allowed,
subject to such rules and limitations as apply in
cases appealed from justices' courts." (Underscoring
ours)

We quote from 26 Texas Jurisprudence - Justices of
the Peace - Certiorari - § 95 - Excuse for Non-appearance,
pages 894-5, as follows:

"Notwithstanding a showing of a meritorious
claim or defense, certiorari is not available where,
without any apparent excuse, the petitioner has
neglected to present his claim or defense in the
justice court. The neglect of the petitioner to
prepare his case for trial and failure to present
all his proofs, leave him without redress by cer-
tiorari. Where the petitioner seeks to excuse
himself he must show that he was reasonably dili-
gent. However, the statutory words are 'his own
inexcusable neglect,' and, as construed by the
courts, the petitioner is excused if he instructed
an attorney to appear for him and his instructions
were neglected. And of course, a stronger case is
presented where it is shown that the attorney was
prevented by accident from carrying out the instruc-
tions of his client." (Underscoring ours)

The facts relative to the matter in discussion fur-
ther disclose that 90 days have not elapsed since the rendi-
tion of the judgment. The letter of the company dated August
9th, above referred to, indicates that defendant company will

Honorable J. J. Timmins, Page 9

likely seek a writ of certiorari in the case within the time allowed by statute.

We think the present status of the judgment is that same is a final judgment to the extent that it is now proper for the Justice Court to issue extraordinary writs of attachment and garnishments, as provided by the laws of this State, against the statutory deposit of defendant company in defendant's depository bank or trust company in this State, as outlined by Section 4 of Article 4859f, supra. If defendant company fails to stay further proceedings on the judgment by pursuing its remedy of certiorari as outlined by the statutes quoted above, the plaintiff may proceed with his extraordinary writs for the collection of the judgment against the statutory deposit as outlined by Section 4 of Article 4859f, supra. However, the institution of such procedure would probably be of questionable value to plaintiff if defendant pursued his statutory remedy of certiorari within the proper time, and secured the writ of certiorari staying the proceedings on the judgment and bringing the case to the county or district court, as the case might be, for determination. The case might be tried in the county court or district court and from there appealed to the appellate courts, within the time required and by any of the methods provided by law, and a supersedeas bond posted as provided by law for the stay of the enforcement of the judgment and after such course, the decision of the appellate court of last resort in the matter would be the final judgment settling the entire matter.

Plaintiff has a plain and adequate remedy to collect his judgment, if, as and when, it becomes a final matter by pursuing the remedy outlined by Section 4 of Article 4859f.

The Justice Court may or may not be "the court of final jurisdiction" which determines or will determine the matter finally. If defendant fails to properly pursue the remedy of certiorari within the time required by law the judgment of the Justice Court will of course doubtless settle the matter. To clarify our position further we state that it is our view of the law that now and at the present time plaintiff's judgment is a valid final judgment upon which he is entitled to execution at this time and a final judgment at this time upon which he may legally secure in the manner outlined by law extraordinary writs of attachment and garnishment. The

318

legal right of defendant to seek the writ of certiorari within the statutory period does not of itself operate as a supersedeas of plaintiff's judgment and prevent plaintiff from proceeding on his judgment. In order to prevent the enforcement of plaintiff's judgment the writ of certiorari must be actually obtained under the statutory procedure within the statutory time.

In view of the contingencies and uncertainties involved herein and in view of the fact that the statutory deposit of defendant company has not yet become depleted nor has yet become impounded by some process of a court, it is the opinion of this department that you should take no action at this time.

It is the further opinion of this department that if the statutory deposit of defendant company as required by Section 4 of Article 4859f, supra, becomes depleted or becomes impounded by some process of a court, it will then become the duty of the Board of Insurance Commissioners of Texas to take steps to require defendant to immediately restore said deposit to its original sum as outlined by Section 4 of Article 4859f. If defendant company then fails to restore said deposit within ten days after notice from the Board, it will then become the duty of the Board of Insurance Commissioners to proceed as required by law.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

WJF:AW

DECEMBER 5, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN