ROBERT E. BURROUGHS AND ROGER A. KNIGHT V. A. G. LYLES, COUNTY CHAIRMAN OF GRIMES COUNTY ET AL.

No. A-235.  Decided June 24, 1944.
(181 S. W., 2d Series, 570)

*Robert E. Burroughs, Seale & Seale* and *Joe Seale,* all of Centerville, *Burns & Burns* and *Gordon Burns,* of Huntsville, and *W. W. Heath,* of Austin, for relators.

Application for a place on the official ballot for State Senator and other district offices in the democratic primary are filed when they are actually delivered to and received by the various county chairmen, not when they are deposited in the mail. An unsigned application is void, because it does not comply with the statutes, Article 3111, and an officer holding a lucrative position with its term of office extending beyond the time when he would have to qualify for State Senator, if elected, cannot run for such office unless he resigns from the one he is holding. Beal v. Alexander 6 Texas 531; Ex parte Leifester, 127 Texas Crim. Rep., 345, 77 S. W. 675; Kilday v. Germany, 139 Texas, 380; 163 S. W. (2d) 184; 34 Texas Jur. 338.

*Earle P. Adams,* of Crockett, and *John W. Stayton,* of Austin, for respondent Long, and *Raymond Furr,* of Austin, for respondent Fain.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is an original petition for a writ of mandamus, filed by Robert E. Burroughs and Roger A. Knight, candidate for the office of State Senator from the Fifth Senatorial District. The petition names as respondents all of the county chairmen of the nine counties situated in the Fifth Senatorial District, together with John Long, of Houston County, and Clem Fain Jr., of Polk County.

Respondents Fain and Long contend that this Court does not have jurisdiction of this case. They also claim that they have

complied with the laws relating to filing and request for a position on the official ballot for the Fifth Senatorial District. Long filed a cross complaint, asking this Court to issue its writ of mandamus requiring the officials of the Democratic County Executive Committee of each of the nine counties comprising the Fifth Senatorial District to comply with Article 3117, and to require each County Executive Committee to order and print the name of respondent Long on the official ballot to be used in the primary to be held on the fourth Saturday in July.

A brief statement of the facts alleged in the petition follows: The petitioners are qualified under the Constitution and laws of Texas to hold the office of State Senator, and have filed, prior to or on the third Monday in May, 1944, their written requests with the county chairmen of the nine counties comprising the Fifth Senatorial District to have their names placed on the official ballot at the general primary election of the Democratic Party of Texas. All of such requests were received by the respective county chairmen on or before the third Monday in May, which was May 15th. Since all of such requests complied with all of the requirements of the laws of this State, the petitioners were entitled to have their names placed on the official primary ballot.

The respondents Long and Fain prepared applications addressed to the various county chairmen of the Fifth Senatorial District, requesting that their names be placed on the ballot as candidates for the nomination for the office of State Senator. On May 15, 1944, the respondents Long and Fain placed their applications addressed to eight of the nine county chairmen in the United States mail by registered mail. None of the applications so mailed was delivered to or received by any of the county chairmen until after May 15, 1944. Respondent Fain did not sign the application sent to the respondent Lyles, County Chairman of Grimes County, and did not file any other application with the respondent Lyles on or before May 15th. Respondent Long is, and has been continuously for more than two years, the County Superintendent of Houston County, with a term of four years, which term expires on December 31, 1946.

It appears from the petition that the County Democratic Executive Committee of the counties of the Fifth Senatorial District met as provided in Article 3117, Vernon's Annotated Civil Statutes, to determine by lot the order in which the names of the candidates should be printed on the ballot. In the counties of Leon, Madison, San Jacinto, and Trinity the county committees voted to omit the names of the respondents Long and Fain from

the ballot. In the counties of Polk, Houston, Walker, and Montgomery the county committees voted to place the names of the respondents Long and Fain on the ballot with the names of the petitioners. In Grimes County the county committee voted to omit the name of the respondent Long from the ballot, failed to have the name of the respondent Fain put on the ballot, and did not determine by lot the order in which the names of candidates for such office should be placed on the official ballot.

There is no district chairman of the Fifth Senatorial District, and no certificates were issued to the county chairman as provided in Article 3114, Vernon's Annotated Civil Statutes.

Petitioners seek to keep the name of respondent Long off the ballot in all counties in the district, and seek to keep the name of Fain off all the ballots except in Polk County.

■ That this Court has jurisdiction of this matter is settled by the case of Love v. Wilcox, 119 Texas 256, 28 S. W. (2d) 515, 70 A. L. R. 1484. Therefore we overrule the above contention of respondents Fain and Long.

Article 3112, Vernon's Annotated Civil Statutes, in part reads as follows:

"Any person desiring his name to appear on the official ballot as a candidate for the nomination * * * for State Senator when such Senatorial District is composed of one or more than one County, * * * shall file with the chairman of the executive committee of the party for the district, said request with reference to a candidate for a State nomination, or if there be no chairman of such district executive committee, then with the chairman of each county composing such district, not later than the third Monday in May preceding the general primary. * * * Immediately after said date each such district chairman shall certify the names of all persons for whom such requests have been filed to the county chairman of each county composing such district. *If said name is not submitted or filed within said time, same shall not be placed upon said ballot.*" (Italics our.)

The iltalicized portion of the statute was added by amendment in 1943, and in our opinion clearly evinces an intention by the Legislature to make the requirement of filing mandatory. If the requests by Long and Fain were filed too late, the various county committees had no discretion in the matter; their names should be omitted from the ballot.

■ An attack is made on the validity of Article 3112 on the

ground that the caption of the Act is insufficient to meet the constitutional requirement. The caption reads as follows:

"An Act amending Article 3112, Title 50, Chapter 13, Revised Civil Statutes of Texas, 1925, so as to fix the final filing date of all those running for State offices and certain district offices, on the third Monday in May preceding the general primary; and declaring an emergency." Acts 1943, ch. 218.

We think the language used in the caption, " to fix the final filing date of all those running for State offices and certain district offices, on the third Monday in May preceding the general primary," is sufficient to give notice of the purpose of the law. 39 Tex. Jur. 97; Doeppenschmidt v. International & G. N. Ry. Co., 100 Texas 532, 101 S. W. 1080; Murray v. Reagan, 129 Texas 206, 102 S. W. (2nd) 202; Bitter v. Bexar County (Com. App.) 11 S. W. (2d) 163. We overrule the foregoing contention.

■ Petitioners rely upon the construction placed upon Article 3112 by the Attorney General, which is that in order to be regarded as filed, the request must be in the hands of the county chairman within the time for filing. We quote from an opinion of the Attorney General, which was approved on June 6, 1944, Opinion No. 0-6060:

"On June 18, 1910, in an opinion addressed to the Honorable I. N. Fallis, County Chairman, Clifton, Texas, the Honorable Jewel P. Lightfoot, Attorney General, held that a candidate for State Senate in a district composed of more than one county, was required to have his application for his name to be placed upon ticket *in the hands of the district chairman, or the respective county chairmen, within the time prescribed by law;* and that transmission by mail where application failed to reach chairmen was not sufficient compliance to get name upon ballot.

"The Attorney Generals of the State of Texas have consistently held that candidates for district office, in districts composed of more than one county, are required to have their applications for names to be placed upon ballot *in the hands of the District Chairman, or respective County Chairmen, within the time prescribed by law.*"

This long-continued administrative construction is entitled to great weight, especially in view of the fact that the statute was amended as late as 1943, and the Legislature, which is presumed to have been aware of the interpretation, made no changes in the language that would indicate a contrary intent.

There is an additional reason why we think the interpretation of the Attorney General is correct. Article 3111, Vernon's Annotated Civil Statutes, provides in part as follows:

"The request to have the name of any person affiliating with any party placed on the official ballot for a general primary as a candidate for the nomination of such party for any State office shall be governed by the following:

\*      \*      \*      \*      \*

"2. Any such request shall be filed with the State chairman not later than the first Monday in June preceding such primary, and shall be considered filed if sent to such chairman at his post office address by registered mail from any point in this State. \*.\* \* \*.\'"

■ The fact that the Legislature provided that a request sent by registered mail should be considered filed in the quoted statute, but made no such provision in Article 3112, is convincing that a different rule was intended to apply. This is especially so since the general rule is that the word "filed" is not satisfied until the instrument is delivered to the proper officer. Words & Phrases (Perm. Ed.), Vol. 16, p. 533 et seq.; 36 C. J. S., p. 753, paragraph 81. In State v. Erickson, 152 Minn. 349, 188 N. W. 736, the Supreme Court of Minnesota had this same question before it. It was there held that an affidavit of candidacy was filed too late when it was mailed on the last day for filing but not received until the next day.

Aticle 3112 provides that any person desiring to have his name appear on the official ballot as a candidate for State Senator shall file his request therefor, either with the Chairman of the Executive Committee for the district, or, if there be no such chairman, with the chairman of each county composing such district, *"not later than the third Monday in May preceding the general primary."* In this instance the request had to be filed not later than May 15th. It clearly appears that the Legislature intended to make a difference in the time and manner of filing for a State office, as required in Article 3111, and that required for filing for a district office, as required by Article 3112. The language used in Article 3112 is plain and unambiguous, and the Legislature intended that such request for a place on the official ballot must be filed by a certain day, and if this is not done, the party so failing to comply with the law is not entitled to have his name placed on such ballot. Byrne v. Robison, 103 Texas 20, 122 S. W. 256.

It is admitted by the petitioners that the respondents Long and Fain each timely filed his request in the county of his resi-

dence, Houston and Polk counties, respectively. But it is contended that respondent Long is ineligible because of his failure to resign as County Superintendent.

■ Article 2929a, Vernon's Annotated Civil Statutes, reads as follows:

"No person who has been elected or appointed to àn executive or administrative public office in the State of Texas for a term of more than two (2) years shall be eligible to run for nomination or election to any other public office the term of which would begin before the expiration of the term of the original office to which he was elected or appointed, without first resigning from the office to which he has been elected or appointed. No election official shall place the name of such ineligible person on the ballot for any election or certify his name as a candidate or nominee, and the District Court shall have authority to issue writs of injunction and all other necessary process at the suit of any interested party, or of any qualified voter, to enforce the provisions of this Article, as provided herein and in the other laws of this State relating to ineligible candidates for public office, and such suit shall have precedence over all others on the dockets of the Courts upon trial and appeal.

"The term 'executive or administrative public office' as used in this Act shall mean all public offices which have a term of more than two (2) years, except the Legislative and Judicial offices of Members of the Legislature and Judges of the Courts of Texas."

The qualifications for the office of State Senator are set out in Article III, Section 6, of the Constitution. It was held by this Court in Dickson v. Strickland, 114 Texas 176, 265 S. W. 1012, that where the Constitution prescribes the qualifications for office, it is beyond the legislative power to change or add to the qualifications, unless the Constitution gives that power. That decision was reaffirmed in State ex rel. Candler et al. v. Court of Civil Appeals et al., 123 Texas 549, 75 S. W. (2d) 253. The statute here involved seeks to impose an additional test of eligibility, other than what is prescribed by the Constitution, on a cadidate for State office, and for that reason it is void.

■ Article I, Section 3, of the Constitution guarantees to all persons equality of rights. This provision of the Constitution was designed to prevent any person, or class of persons, from being singled out as a special subject for discriminating or hostile legislation. 9 Tex. Jur., p. 551, paragraph 115. This prin-

ciple of equality also applies to political rights. 9 Tex. Jur. 552, paragraph 116. Under the foregoing provision of the Constitution the Legislature has the power to adopt any classification it sees fit, provided there is a reasonable basis for such classification. Ex parte Faison 93 Texas Cr. R 403, 248 S. W. 343; Lossing v. Hughes (Civ. App.), 244 S. W. 556; Friedman v. American Surety Co. of New York, 137 Texas 149, 151 S. W. (2d) 570.

■ The statute here involved purports to apply only to "executive or administrative" officers, and in the second paragraph expressly exempts members of the Legislature and the Judiciary. The discrimination is apparent, and we can perceive no reasonable basis for the classification. The Act violates the Constitution, and is therefore void.

This statute in invalid for other reasons. It does not contain the usual clause providing that if any part of such statute should be held invalid, the remainder thereof should be upheld. Therefore the Act must be construed in its entirety. It undertakes to place certain restrictions, other than those prescribed by the Constitution, on persons who desire to seek office. This cannot be done. Also, it cannot be said that the Legislature would have passed this Act with certain parts of it omitted. There is nothing in the Act which would justify this Court to so construe it. Such a construction would result in this Court's reshaping the entire Act, and such a holding would be contrary to well-established rules. Texas-Louisiana Power Co. v. City of Farmersville (Com. App.) 67 S. W. (2d) 235; Davis v. Wallace, 257 U. S. 478, 42 Sup. Ct. 164, 66 L. Ed. 325; Empire Gas & Fuel Co. v. State of Texas, 121 Texas 138, 47 S. W. (2d) 265; Lewis' Sutherland Stat. Con. (2d ed.) Vol. 1 paragraph 306; Ruling Case Law, Vol. 6, p. 129, paragraph 127.

■ However, even though Article 2929a, above referred to, be held unconstitutional, nevertheless we think the respondent Long is ineligible to have his name placed on the ballot, as a candidate for the Democratic nomination for the office of State Senator, for another reason. The facts show that Long is now County Superintendent of the Schools of Houston County, Texas, and that this term of office will not expire until December 31, 1946. He seeks to be elected to the State Senate for a term to begin January, 1945.

Article III, Section 19, of our State Constitution reads as follows:

"Sec. 19. No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a

lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature."

Long holds a lucrative office under the laws of this State, and seeks to be elected to the office of State Senator during the same term. Very clearly, he is ineligible to hold the latter office.

Revised Statutes, Articles 2927 and 2928, read as follows:

"Art. 2927. No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State and unless he shall have resided in this State for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct, or municipality for more than six months. No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special, or primary election." Acts 1895, p. 81; G. L., Vol. 10, p. 811; Acts 1919, p. 17.

"Art. 2928. Neither the Secretary of State, nor any county judge of this State, nor any other authority authorized to issue certificates, shall issue any certificates of election or appointment to any person elected or appointed to any office of this State, who is not eligible to hold such office under the Constitution of this State and under the above article; and the name of no ineligible person, under the Constitution and laws of this State shall be certified by any party, committee, or any authority authorized to have the names of candidates placed upon the primary ballots at any primary election in this State; and the name of no ineligible candidate under the Constitution and laws of this State shall be placed upon the ballot of any general or special election by any authority whose duty it is to place names of candidates upon official ballots." Id.; Acts 2nd C. S. 1919, p. 97.

Under the plain terms of the above statutes, Long, who is ineligible to hold the office which he seeks, is not entitled to have his name placed on the ballot as a candidate for the Democratic nomination for such office. See in this connection Ferguson v. Maddox, 114 Texas 85, 263 S. W. 888.

■ It is true that Article III, Section 8, of the Constitution provides that each house of the Legislature shall be the judge of the qualifications and election of its own members, but this does not prohibit the Legislature from enacting reasonable regulations to prevent those disqualified by law from placing their names on the ballot. The Legislature has the right to adopt all regulations reasonably necessary to avoid the futility of electing one who is not eligible to hold the office.

The writ of mandamus will issue to the County Chairmen of Grimes, Trinity, Houston, Montgomery, Madison, San Jacinto, Leon, and Walker counties as prayed for, directing each of them to omit the name of respondent Fain from the official ballot as a candidate for the Democratic nomination for State Senator for the Fifth Senatorial District, and directing the County Chairman of each of the nine counties within the Fifth Senatorial District to omit the name of respondent Long from the official ballot as a candidate for the Democratic nomination for State Senator for said district, and directing said County Chairmen to cause the ballot to be printed accordingly.

On account of the emergency, due to the near approach of the time for the printing of the ballots for the July primary, the parties hereto will be denied the right to file a motion for rehearing.

Opinion delivered June 24, 1944.