# THE ATTORNEY GENERAL
## OF TEXAS
GROVER SELLERS      AUSTIN 11, TEXAS
~~JOHN PEN SHEPPERD~~xxxx



Hon. Wayne L. Hartman      Opinion No. O-7253
County Attorney
DeWitt County      Re: Interpretation of Articles 3111
Cuero, Texas                and 3112 of Vernon's Annotated
                     Civil Statutes

Dear Sir:

        We have received your request for our opinion on the here-
inabove captioned matter and we quote from your letter as follows:

        "I am writing you to respectfully request an opin-
ion from your office on a question arising out of the follow-
ing set of facts:

        "DeWitt County comprises the 68th Representative
District of Texas, and is the only county in said District.
There is, therefore, no District Democratic Executive Com-
mittee for said District, but there is a County Democratic
Executive Committee.

        "On May 22nd, 1946, Mr. Louis A. Poth, of Yoakum,
DeWitt County, Texas, Chairman of the Democratic Execu-
tive Committee of DeWitt County, Texas, received through
the mails a written letter, signed by Mr. W. L. Schorlemer,
who resides in Yorktown, DeWitt County, Texas, requesting
that his name be placed on the official ballot of said county
as a candidate for the office of State Representative from
DeWitt County. This written request was neither acknow-
ledged nor sworn to by Mr. Schorlemer, and was contained
in an envelope which had been registered in the mails with
return receipt requested. The written request itself was
dated May 20th, 1946, but the envelope bore a Yoakum post-
mark dated May 21st, 1946. This was the only postmark on
the envelope. According to employees in the Yoakum Post
Office, the envelope bearing the request was not received in
said Post Office until May 21st, 1946, and an attempted de-
livery was made on that date, but Mr. Poth could not be locat-
ed. Thereafter, on May 22nd, 1946, the envelope and request
were finally delivered to Mr. Poth and the return receipt was
executed.

        "Prior to these transactions, Mr. John J. Bell of Cuero,
DeWitt County, Texas, had filed his duly acknowledged request
as a candidate for the same office with Mr. Poth on May 20th,

1946, by handing it to him personally.

"There are two primary issues on which I am seeking clarification:

"1. Was the written request of Mr. W. L. Schorlemer legally sufficient although not acknowledged or sworn to before an officer qualified to take acknowledgements or oaths.

"2. Was the written request of Mr. W. L. Schorlemer filed in time to authorize the DeWitt County Democratic Executive Committee to place his name on the official ballot as a candidate for the office of State Representative from DeWitt County, Texas.

"After determination of these issues, the over-all question I would like to have answered by your office is:

"Under the facts as set out above, is Mr. W. L. Schorlemer entitled to have his name placed on the official ballot as a candidate for the office of State representative from DeWitt County, Texas."

Articles 3111 and 3112, Vernon's Annotated Civil Statutes, respectively provide:

"The request to have the name of any person affiliating with any party placed on the official ballot for a general primary as a candidate for the nomination of such party for any State office shall be governed by the following:

"1. Such request shall be in writing signed and duly acknowledged by the person desiring such nomination, or by twenty-five qualified voters. It shall state the occupation, county or residence and post-office address of such person, and if made by him shall also state his age.

"2. Any such request shall be filed with the State chairman not later than the first Monday in June preceding such primary, and shall be considered filed if sent to such chairman at his post-office address by registered mail from any point in this State.

"  . . . . "

"Any person desiring his name to appear on the official ballot as a candidate for the nomination for Chief Justice or Associate Justice of the Court of Civil Appeals, or for Representative in Congress, or for State Senator when such Senatorial District is composed of one or more than one County, or for Representative, or district judge or district attorney in representative

or judicial districts composed of one or more than one county, shall file with the chairman of the executive committee of the party for the district, said request with reference to a candidate for a State nomination, or if there be no chairman of such district executive committee, then with the chairman of each county composing such district, not later than the third Monday in May preceding the general primary. Such requests may likewise be filed not later than said date by any twenty-five (25) qualified voters resident within such district, signed and duly acknowledged. Immediately after said date each such district chairman shall certify the names of all persons for whom such requests have been filed to the county chairman of each county composing such district. If said name is not submitted or filed within said time, same shall not be placed upon said ballot."

Opinion No. 0-6054 of this department reads in part as follows:

"Therefore, before any candidate may submit himself to the qualified voters of this State, he must comply with the prerequisites set forth in Article 3111, supra. Such requirements are mandatory."

In view of the foregoing, it follows that the applicant has not complied with the provisions of Articles 3111 and 3112, supra, and that he has not made the required acknowledgement or verification, nor has he made a substantial compliance therewith. Therefore, your first question is answered in the negative.

In connection with your second question, we call your attention to the case of Burroughs v. Lyles, 181 S.W.2d 570 wherein the Supreme Court of Texas stated:

"Article 3112 provides that any person desiring to have his name appear on the official ballot as the candidate for State Senator shall file his request therefor either with the chairman of the executive committee for the district, or, if there be no such chairman, with the chairman of each county composing his district 'not later than the third Monday in May preceding the general primary.' In this instance the request had to be filed not later than May 15th. It clearly appears that the Legislature intended to make a difference in the time and manner of filing for a State office as required in Article 3111, and that required for the filing in a district office, as required by Article 3112. The language used in Article 3112 is plain and unambiguous, and the Legislature intended that such request for a place on the official ballot must be filed by a certain date, and if this is not done, the party so failing to comply with the law is not entitled to have his name placed on such ballot."

In the case about which you inquire, the request had to be filed not later than May 20, 1946. Therefore, your second question is also answered in the negative.

In view of the foregoing, it is our opinion that the applicant, Hon. W. L. Schorlemer, is not entitled to have his name placed upon the official ballot as a candidate for the office of State Representative from DeWitt County, Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ J. C. Davis, Jr.

J. C. Davis, Jr.
Assistant

JCD:djm/cm

APPROVED JUN 1 1946

/s/ Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee

By /s/ BWB
Chairman