

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711 *Lee Art. 2529e*

WAGGONER CARR
ATTORNEY GENERAL

May 10, 1965

Honorable J. M. Falkner  
Commissioner  
Department of Banking  
Austin, Texas

Dear Mr. Falkner:

Opinion No. C- 438

Re: Whether a county depository may be validly selected if such bank has· on its board of directors, or among its stockholders, one of the following officers of the county: county judge, county attorney, county treasurer or county clerk.

You have requested our opinion on the following questions:

"1. May a county depository be validly selected if such bank has on its Board of Directors, or among its stockholders, one of the following officers of the county:

    1. County Judge  
    2. County Attorney  
    3. County Clerk  
    4. County Treasurer.

"2. May one of the above named officers become a stockholder or a director of a bank after such bank has been designated as county depository, and while the depository contract is in effect, without affecting the validity of the contract or without creating a violation of the officer's oath."

Article 2340, Vernon's Civil Statutes, provides as follows:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the

-2083-

faithful performance of the duties of his of-
fice, that he will pay over to his county all
moneys illegally paid to him out of county funds,
as voluntary payments or otherwise, and that he
will not vote or give his consent to pay out
county funds except for lawful purposes."

In view of these provisions, it has been the consistent opin-
ion of this office since 1913 that the commissioners court cannot
select as a county depository a bank in which the county judge or
any member of the commissioners court is a stockholder or director
of such bank; and that such contract is void as against public pol-
icy. See Attorney General's opinion to A. M. Turney, County Judge
of Taylor County, dated February 3, 1913, by C. M. Cureton, First
Assistant Attorney General, and Attorney General's Opinion O-2980
(1941). For similar results, see Attorney General's Opinions WW-161
(1957) and WW-359 (1958).

You are therefore advised that a county depository may not be
validly selected if such bank has on its board of directors or among
its stockholders the county judge of the county.

The oath prescribed by Article 2340, Vernon's Civil Statutes,
is not applicable to the county attorney, county clerk or county
treasurer, and these officers do not take an oath that they will not
be directly or indirectly interested in any contract with or claim
against the county in which they reside, except warrants as may be
issued to them as fees of office. Nevertheless, it is well settled
in Texas that if a public official, directly or indirectly has a
pecuniary interest in a contract, no matter how honest he might be,
and although he may not be influenced by the interest, such contract
is against public policy. Myers v. Walker, 276 S.W. 305 (1925).
Attorney General's Opinions WW-161 (1957), WW-359 (1958) and WW-1241
(1962).

In this connection, Article 2364, Vernon's Civil Statutes,
provides as follows:

"No member of the commissioners court or
any county officer shall be, either directly or
indirectly, interested in any such contract."

While this article applies only to contracts authorized by
the preceding articles in the Revised Civil Statutes of Texas, 1925,
as amended, and therefore does not apply to county depository con-
tracts, such article, together with Articles 2340 and 1649, Ver-
non's Civil Statutes, and Article 373, Vernon's Penal Code, estab-
lishes the public policy of prohibiting any county officer from
having any interest in any contract, directly or indirectly.

Attorney General's Opinions O-6280 (1944), O-2980 (1941), O-878 (1939), V-381 (1947), WW-1241 (1962), WW-161 (1957) and WW-359 (1958). This public policy as above noted is of long standing (since 1913), and the Legislature has not seen fit to change this public policy. Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570 (1944).

You are therefore advised that a county depository may not be validly selected if such bank has on its board of directors or among its stockholders the county judge, county attorney, county clerk or county treasurer of the county. This long continued administrative construction is entitled to great weight.

In answer to your second question, if one of the above named officers becomes a stockholder or director of a bank after such bank has been selected as a county depository, such action on the part of the county officer will not affect the validity of the contract or violate the officer's oath. The commissioners court would, however, be precluded from renewing the depository contract so long as such officer remains a stockholder or director of such bank.

## S U M M A R Y

A county depository may not be validly selected if such bank has on its board of directors or among its stockholders the county judge, county attorney, county clerk or county treasurer of the county.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By John Reeves

John Reeves
Assistant

JR:ms

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Bob Flowers
Jack Goodman
Ben Harrison
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone