

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

June 1, 1966

Honorable Robert S. Calvert　　　　Opinion No. C-698
Comptroller of Public Accounts
Austin, Texas　　　　　　　　　Re: Whether the Director
　　　　　　　　　　　　　　　　　of the Cotton Re-
　　　　　　　　　　　　　　　　　search Committee
　　　　　　　　　　　　　　　　　should be reimbursed
　　　　　　　　　　　　　　　　　on an actual expense
　　　　　　　　　　　　　　　　　or on a per diem basis
　　　　　　　　　　　　　　　　　while traveling for
　　　　　　　　　　　　　　　　　the State and related
Dear Mr. Calvert:　　　　　　　　questions.

　　　　　You have requested an opinion from this office on
the following matter:

　　　　　"Whether the Director of the Cotton Re-
　　search Committee should be reimbursed on an
　　actual expense or on a per diem basis while
　　traveling for the State and related questions."

　　　　　Article 165-4a, Vernon's Civil Statutes, after set-
ting forth the Legislature's policies, creates and establishes
the Cotton Research Committee in the following language:

　　　　　"Sec. 2.　A Cotton Research Committee, com-
　　posed of the Chancellor or Successor of the Texas
　　Agricultural and Mechanical College System of the
　　Texas Technological College, and the President of
　　Texas Woman's University, is hereby created and
　　established to cause surveys, research and investi-
　　gations to be made relating to the utilization of
　　the cotton fiber, cottonseed, and all other pro-
　　ducts of the cotton plant, with authority to con-
　　tract with any and all Agricultural Agencies and
　　Departments of the State, and all State Educational
　　Institutions and State Agencies to perform any such
　　services for said Committee and for the use of their
　　respective available facilities, as it may deem proper,
　　and to compensate such Agencies, Departments and In-
　　stitutions, to be paid from money appropriated by the
　　Legislature for the purposes of this Act, which appro-
　　priations of monies for cotton research are hereby

authorized; grants and gifts from the United
States or private sources may be accepted for
such purposes, and shall be subject only to
limitations contained in such grants or gifts."

Pursuant to the authority and power granted by
Article 165-4a, the Committee promulgated and adopted a reso-
lution appointing a Director of Cotton Research with extensive
duties and responsibilities in the following language:

"The Committee holds the Director of
Cotton Research Committee responsible for
the promulgation of policies, establishment
of budgets, and selection of research pro-
grams under which the cooperating institutions
operate."

Article 6823a of the Civil Statutes provides, in part,
as follows:

"Sec. 1. This Act is the 'Travel Reg-
ulation Act of 1959'".

"Sec. 2. The provisions of this Act shall
apply to all officers, heads of state agencies,
and state employees. The provisions of this
Act shall not apply to judges and other judicial
employees paid by the state, counties or other
political subdivisions pursuant to law. Heads
of state agencies shall mean elected state offi-
cials, excluding members of the Legislature who
shall receive travel reimbursement as provided
by the Constitution, appointed state officials,
appointed state officials whose appointment is
subject to Senate confirmation, directors of
legislative interim committees or boards, heads
of state hospitals and special schools, and
heads of state institutions of higher education.
(Emphasis added.)

"Sec. 3. (a) Reimbursement from funds appro-
priated by the Legislature for traveling and other
necessary expenses incurred by the various offi-
cials, heads of state agencies, and employees of
the state in the active discharge of their duties
shall be on the basis of either a per diem or
actual expenses as specifically fixed and appro-
priated by the Legislature in General Appropriation
Acts."

Section 17-a, Article V, House Bill #12, Acts of the 59th Legislature, (General Appropriation Bill), provides as follows:

"Executive Heads of State agencies, including the Executive Director of the Legislative Council, shall be reimbursed for their actual meals, lodging and incidental expenses when traveling on official business either in or out of the State."

The effect of the Cotton Research Committee's action, in pursuance of legislative authority, qualifies the Director as an appointed State Official within the meaning of Article 6823a, and authorizes him to be reimbursed for his official travel on an actual expense basis.

The language used by the Legislature in Article 165-4a clearly manifests an intention to provide broad and inclusive power to the Committee in promulgating, establishing and effecting the purposes for which the Committee was created. In delegating such authority, it is clear that the Committee was to have wide latitude and discretion in achieving these purposes. Following the legislative authorization, the Committee in its sound discretion and wisdom, passed the foregoing resolution so as to fulfill the legislative mandate. Such action on the part of the Committee is clearly within the legislative authorization and is not in conflict with the Legislature's intent and policies.

The prior departmental interpretation and construction of the provisions under consideration have been to allow the director to be compensated on an actual expense basis. This interpretation is of long standing, the Committee having been established in 1941, and continued through and after the enactment of the "Travel Regulation Act" in 1959. This interpretation and construction has been consistently applied, not only by the Committee which has the responsibility for carrying out, operating and achieving the purposes set forth in the act, but as well as by the interpretation and construction placed thereon by your office. Such long continued construction is entitled to great weight, especially in view of the fact that the Legislature has been in session numerous times subsequent to the adoption of this interpretation and construction. The Legislature is presumed to have been aware of this interpretation and construction, and made no changes in the language that would indicate a contrary intent. Burrough v. Lyles, 142 Tex. 704, 181 S.W.2d 570, (1944).

Having held that such Director may be compensated on

an actual expense basis, we express no opinion on the other issue which you submitted.

By letter dated May 20, 1966, you requested an opinion on the following supplemental question:

"Whether the President of Arlington State College of Arlington, Texas, President of Texas Western University of El Paso, Texas, Dean of South Texas Medical School of San Antonio, Texas, and Dean of Southwestern Medical School of Dallas, Texas, should be compensated on an actual expense or on a per diem basis while traveling for the State?"

Considered in the light of the foregoing, you are advised that it is the opinion of this office that all of such individuals are "heads of state institutions of higher education" within the meaning of Article 6823a, and as such are entitled to be compensated on an actual expense basis while traveling for the State. The functions and responsibilities of these individuals are controlling over the particular title which they may be given.

## SUMMARY

The Director of the Cotton Research Committee is an appointed state official within the meaning of Article 6823a, Vernon's Civil Statutes, and as such is entitled to be reimbursed on an actual expense basis while traveling on official business for the State and you are authorized to issue a warrant for the reimbursement of such travel expense.

Likewise, the President of Arlington State College, the President of Texas Western University, the Dean of South Texas Medical School and the Dean of Southwestern Medical School should be compensated on an actual expense basis while traveling for the State.

Yours very truly,

WAGGONER CARR
Attorney General

Hon. Robert S. Calvert, page 5 (C-698)

By: J. Phillip Crawford
Assistant

JPC:mh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Malcolm Quick
Harry Gee
Marietta Payne

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright