

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 18, 1971

Herbert C. Wilson
Deputy Commissioner
State Department of Public Welfare

Opinion No. M- 888

Re: Compensation for
hourly employees.

R. L. Coffman
Administrator
Texas Employment Commission

David Wade, M. D.
Commissioner
Texas Department of Mental Health
and Mental Retardation

Gentlemen:

Your joint request for an opinion reads as follows:

"This is the official request of the State
Department of Public Welfare, the Texas Employment
Commission and the Texas Department of Mental Health
and Mental Retardation for a clarification of Opinion
No. M-850 dated May 5, 1971.

"Since the above Opinion was issued a question
has arisen with regard to the authority of these
three (3) agencies to pay a supplemental payroll
out of the appropriations made to the respective
agencies in the Appropriations Act. The payrolls
in question are in payment of wages to hourly
employees computed on an hourly basis.

"House Bill No. 2, Acts of the 61st Legislature,
Second Called Session, 1969, the General Appropriations
Act for the biennium ending August 31, 1971, makes a
specific lump sum appropriation to the Department of
Public Welfare for 'seasonal help' (Article III, Page
169, Item 14).

-4326-

"House Bill No. 2, Acts of the 61st Legislature, Second Called Session, 1969, the General Appropriations Act for the biennium ending August 31, 1971, makes a specific lump sum appropriation to the Texas Employment Commission for 'salaries of classified positions, professional fees and services, part-time and seasonal help, merit salary increases' (Article III, Page 64, Item 9).

"House Bill No. 2, Acts of the 61st Legislature, Second Called Session, 1969, the General Appropriations Act for the biennium ending August 31, 1971, makes specific lump sum appropriations to the various administrative divisions and to the facilities and institutions under the jurisdiction and control of the Texas Department of Mental Health and Mental Retardation for salaries of classified positions. Article II, Section 2, Paragraph d, Page 37, of the current Appropriations Act provides as follows:

'It is further provided that appropriations for salaries of classified positions may be used to pay the wages of hourly workers when the utilization of such personnel is in the best interest of an economical and efficient program.'

"Your opinion No. M-850 states that:

'. . . where the Legislature has made a specific lump sum appropriation for hourly wages without placing limitations on the rate of pay to be paid hourly employees, then the head of the agency to whom the appropriation is made has the sole discretion to fix the hourly rate of pay for such employees . . .'

"Our respective agencies have for many years interpreted the specific appropriations cited above as authority to hire and pay employees on an hourly basis

at a rate determined at the discretion of the agency.
We believe this is in keeping with the case of Humble
Oil and Refining Co. v. Calvert, 414 S.W.2d 172,
which points out that where there is any ambiguity
in a statute the courts will look with favor upon the
longstanding construction by a State agency of an
ambiguous phrase.

"On the basis of your Opinion No. M-850, the
State Comptroller has questioned this interpretation.

"With respect to each of the agencies requesting
this Opinion, do the above quoted lump sum appropria-
tions authorize our respective agencies to hire and
pay hourly employees from such appropriations and to
fix the hourly rate of pay for employees hired on an
hourly basis?

"This joint request for an opinion is submitted
in lieu of the request dated June 15, 1971, submitted
by the State Department of Public Welfare."

In Attorney General's Opinion No. M-850 it was held:

"Furthermore, in answer to your third and fourth
questions, where the Legislature has made a specific
lump sum appropriation for hourly wages without placing
limitations on the rate of pay to be paid hourly em-
ployees, then the head of the agency to whom the appro-
priation is made has the sole discretion to fix the
hourly rate of pay for such employees. See for example,
Item 24 of the appropriation to the Highway Department
in the current General Appropriations Act (House Bill 2,
Acts 61st Leg. 2nd C.S., 1969, at p. 778 of the Session
Laws).

"Summarizing the foregoing it is our opinion
that the only limitations placed on an employee's
salary by the Legislature are the annual salary
appropriated by the Legislature and the monthly
salary to be paid in twelve equal installments."

Herbert C. Wilson, page 4      (M-888)
R. L. Coffman, David Wade, M. D.


It is further pointed out in Attorney General's Opinion No. M-850:

> "The courts will ordinarily adopt and uphold departmental construction by agencies charged with the responsibility for the administration of a particular statute, and such construction will not be overturned unless the construction is unreasonable or clearly wrong. 53 Tex.Jur.2d 259, Statutes Sec. 177; Humble Oil and Refining Co. v. Calvert, 414 S.W.2d 172 (Tex.Sup. 1967). This is particularly true in those instances where statutory provisions have been reenacted without material change. The Legislature is presumed to have known of such construction and practice and acquiesced in it by its failure to amend or change it. Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570 (1944)."

In the instant case your respective agencies have for many years interpreted the specific appropriations cited in your request as authority to hire employees on an hourly basis and to fix the hourly rate of pay for such employees. The Legislature has acquiesced in such departmental construction.

You are accordingly advised that such construction is in conformance with Attorney General's Opinion M-850, supra, and each of the lump sum appropriations referred to in your request authorizes the head of the respective agencies to hire hourly employees. Furthermore, the head of each agency to whom the appropriation is made has the sole discretion to fix the hourly rate of pay for such employees.

## S U M M A R Y

Where the Legislature has made specific lump sum appropriations for hourly wages the head of the agency to whom the appropriation is made has the sole discretion to fix the hourly rate of pay of such employee. Attorney General's Opinion M-850 (1971).

Such specific lump sum appropriations for hourly wages have been made to the State Department of Public Welfare, the Texas Employment Commission, and the Texas Department of Mental Health and Mental Retardation.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Glenn Brown
Houghton Brownlee
Pat Bailey
Fisher Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant