

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711



Overruled by H-465 where conflict

May 5, 1971

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Building
Austin, Texas   78711

Opinion No.  M-850

Re:   Method of arriving at the
      monthly salary, daily
      salary and hourly rate of
      pay for State employees.

Dear Mr. Calvert:

Your request for an opinion asks the following questions:

"For those agencies in Articles I, II, III, and the Central Education Agency and Schools for the Deaf and Blind in Article IV of House Bill 2, Acts of the Second Called Session of the Sixty-first Legislature, the following questions arise:

"1.   What is the legal method for arriving at the monthly salary for line item employees, classified employees, and employees exempt from the classification act, where such employees are paid on an annual basis?

"2.   What is the legal method for arriving at the proper rate of one days pay for the employees set out in question No. 1 when they resign with one day's pay due them?

"3.   What is the legal method for arriving at the proper rate of salary for an employee hired on a daily basis at so much per day?

"4.   What is the legal method for arriving at the proper rate per hour of salary for an employee hired on an hourly basis?"

Section 2 of Article V of House Bill 2, Acts of the 61st Legislature, 2nd C.S., 1969 (General Appropriations Act for the biennium ending August 31, 1971), provides in part:

"Sec. 2.  METHOD OF SALARY PAYMENTS.  a.  All annual salaries appropriated by this Act shall be

-4126-

paid in twelve (12) equal monthly installments, except as otherwise provided in Article II of this Act. Except for patrolmen and other law enforcement positions in the Department of Public Safety which shall be paid only at the annual rates stipulated in the particular language accompanying the appropriations therefor, this paragraph shall not be construed so as to prevent the head of any other agency of the State from paying less than the maximum salary rates specified in this Act for line-item positions, or the employment of part-time employees to fill regular positions provided for in this Act, so long as the salary rates for such part-time employees are proportional to the regular rates for full-time employment.

"It is further provided that agencies of higher education and the schools for the blind and deaf in Article IV of this Act which make contracts for less than a twelve-month period may pay salaries in equal monthly payments for the period contracted for."

Subdivisions (f) and (g) of Section 1 of Article V provide:

"f. PART-TIME EMPLOYEES. Regular full-time positions paid out of funds appropriated for 'salaries of classified positions' may also be filled by part-time employees. In computing the salaries of these employees, the rates of pay shall be proportional to the rates authorized for full-time classified employment. It is further provided that part-time employees as described in this subsection shall be subject to all of the provisions of this Section.

"g. HOURLY EMPLOYEES. It is the intent of the Legislature that hourly employees shall receive per hour rate increases proportionate to those provided in this Act for full-time salaried classified employees."

It was held in Attorney General's Opinion C-161 (1963) that the salary of part-time employees is to be determined in the same manner as a full-time employee, but on a proportional

basis.   In view of the provisions of Subdivision (g) of Section 1 of Article V, it is our opinion that hourly employees shall receive the same per-hour rate proportionate to the annual salaries of regular employees.

Subdivision (f) of Section 2 of Article V provides:

"f.   Funds appropriated in this Act for salaries and wages may be paid for all of the employee's accumulated vacation leave and for one-half of his accumulated sick leave to the estate of an employee when said employee dies while employed by the State of Texas.   The payment shall be calculated at the rate of compensation being paid the employee at the time of his death."

Article 5165a, Vernon's Civil Statutes, provides:

"Section 1.   All state employees who are employed in the offices of state departments or institutions or agencies, and who are paid on a full-time salary basis, shall work forty (40) hours a week.   Provided, however, that the administrative heads of agencies whose functions are such that certain services must be maintained on a twenty-four (24) hours per day basis are authorized to require that essential employees engaged in performing such services be on duty for a longer work-week in necessary or emergency situations.

"Sec. 2.   Except as otherwise provided in Section 1 of this Act, and except on legal holidays authorized by law, the normal office hours of state departments, institutions and agencies shall be from 8:00 a.m. to 5:00 p.m., Mondays through Fridays, and these shall be the regular hours of work for all full-time employees; provided, however, that such normal working hours for employees of state departments and agencies in the Capitol Area in Austin may be staggered in such manner as biennial Appropriations Acts of the Legislature may stipulate or authorize in the interests of traffic regulation and public safety.   Where an executive head deems it necessary or advisable, offices may also be kept open during other hours and on other days, and the time worked on such other days shall count toward the forty (40)

hours per week which are required under Section
1 of this Act.  It is further provided that ex-
ceptions to the minimum length of the work week
may be made by the executive head of a state
agency to take care of any emergency or public
necessity that he may find to exist.  None of
the provisions of this Act shall apply to persons
employed on an hourly basis."

It is noted that State employees are generally em-
ployed on an annual salary basis.  The annual salary is re-
quired to be paid monthly in twelve equal installments.  No
provision is contained detailing the proper rate of pay of such
employees for installment payments of less than one month.  It
has been the administrative policy of the State Auditor and
the State Comptroller that such employees' pay "for any period
of less than a month (at the beginning and/or ending of his
employment) should be calculated on the basis of the number of
days employed during that month as compared to the total number
of days in it."  Letter dated September 3, 1963, from the State
Auditor to all State departments.

The courts will ordinarily adopt and uphold depart-
mental construction by agencies charged with the responsibility
for the administration of a particular statute, and such con-
struction will not be overturned unless the construction is
unreasonable or clearly wrong.  53 Tex.Jur.2d 259, Statutes
§177; Humble Oil and Refining Co. v. Calvert, 414 S.W.2d 172
(Tex.Sup. 1967).  This is particularly true in those instances
where statutory provisions have been reenacted without material
change.  The Legislature is presumed to have known of such
construction and practice and acquiesced in it by its failure
to amend or change it.  Burroughs v. Lyles, 142 Tex. 704,
181 S.W.2d 570 (1944).

In the instant case the Legislature has acquiesced in
the departmental construction of the State Auditor and State
Comptroller in determining the rate of pay of regular employees
for periods of less than a month.

You are accordingly advised in answer to your first
question that the monthly salary for line-item employees, classi-
fied employees, and employees exempt from the classification
act (Article 6252-11, Vernon's Civil Statutes), where such
employees are paid on an annual basis, is determined by dividing
the annual salary for such employees by twelve, since such em-
ployees are required to be paid monthly in twelve equal install-
ments.

In answer to your second question the proper method of calculating such employees' pay for any period of less than a month is determined by multiplying the number of days employed (by employed is meant the number of calendar days elapsed from the first day of employment during the month through termination date, both inclusive) during the month by the monthly salary of that month and dividing the resulting figure by the number of calendar days in that month.

In answer to your third question you are advised that our answer is the same as our answer to your second question. The daily rate is determined by dividing the monthly salary by the number of calendar days in that month.

In answer to your fourth question the proper rate per hour of salary for an employee hired on an hourly basis is to be determined by dividing the daily rate by the number of hours of the normal work day for the particular employment, but not less than eight hours. Article 5165a, Vernon's Civil Statutes; House Bill 2, Acts 61st Leg. 2nd C.S., 1969.

Furthermore, in answer to your third and fourth questions, where the Legislature has made a specific lump sum appropriation for hourly wages without placing limitations on the rate of pay to be paid hourly employees, then the head of the agency to whom the appropriation is made has the sole discretion to fix the hourly rate of pay for such employees. See for example, Item 24 of the appropriation to the Highway Department in the current General Appropriations Act (House Bill 2, Acts 61st Leg. 2nd C.S., 1969, at p. 778 of the Session Laws).

Summarizing the foregoing it is our opinion that the only limitations placed on an employee's salary by the Legislature are the annual salary appropriated by the Legislature and the monthly salary to be paid in twelve equal installments.

### S U M M A R Y

The monthly salary for State employees is determined by dividing the annual salary by twelve. An employee's pay for any period of less than a month is determined by multiplying the number of days employed (by employed is meant the number of calendar days elapsed from the first day of employment during the month through termination date, both inclusive) during the month

by the monthly salary of that month and dividing the resulting figure by the number of calendar days in that month. The proper rate per hour of salary for an employee on an hourly basis is to be determined by dividing the daily rate by the number of hours of the normal work day for the particular employment, but not less than eight hours. However, where the Legislature has made a lump sum appropriation for hourly wages without placing limitations on the rate of pay to be paid hourly employees, the head of the agency to whom the appropriation is made has the sole discretion to fix the hourly rate of pay for such employees.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Glenn Brown
Houghton Brownlee
Pat Bailey
Fisher Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant