

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 20, 1972

Honorable Bob Bullock
Secretary of State
State Capitol Building
Austin, Texas 78711

Opinion No. M-1121

Re: Construction of Subdivision
3 of Article 3.04, Texas
Election Code.

Dear Mr. Bullock:

Your request for an opinion on the above subject matter asks the following questions:

"1. Is the present Hidalgo County Democratic Chairman eligible to hold both the party office of county chairman and the office of trust as a Regent of Pan American University?

"2. If he may not hold both positions, in which position is there a vacancy and how must the vacancy be filled?

"3. Since absentee balloting has already begun, the present chairman appears on the ballot. In the event he is elected, is there a vacancy in the position of county chairman?

"4. Does Article 3.04, Subdivision 3, of the Texas Election Code contravene either the Constitution or the laws of the United States or of this State?"

Subdivision 3 of Article 3.04, Texas Election Code, reads as follows:

"No one shall act as chairman or as member of any district, county, or city executive committee of a political party who is not a qualified voter, or who is a candidate for public office, or who holds any office of profit or trust, either under the United States or this state, or any city or town in this state."

Section 3 of Article I of the Constitution of Texas provides:

"ALL FREE MEN HAVE EQUAL RIGHTS. -- All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

The Supreme Court of Texas in Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570 (1944), held that the protection provided in Section 3 of Article I of the Texas Constitution applies to political rights. The court held at 181 S.W.2d 574:

"Article I, Section 3, of the Constitution guarantees to all persons equality of rights. This provision of the Constitution was designed to prevent any person, or class of persons, from being singled out as a special subject for discriminating or hostile legislation. 9 Tex.Jur., p. 551, § 115. This principle of equality also applies to political rights. 9 Tex.Jur., p. 552 §116. Under the foregoing provision of the Constitution the Legislature has the power to adopt any classification it sees fit, provided there is a reasonable basis for such classification. Ex parte Faison, 93 Tex.Cr.R. 403, 248 S.W. 343; Lossing v. Hughes, Tex.Civ.App., 244 S.W. 556; Friedman v. American Surety Co. of New York, 137 Tex. 149, 151 S.W.2d 570.

"The statute here involved purports to apply only to 'executive or administrative' officers, and in the second paragraph expressly exempts members of the Legislature and the Judiciary. The discrimination is apparent, and we can perceive no reasonable basis for the classification. The Act violates the Constitution, and is therefore void."

In Turner v. Fouche, 396 U.S. 346 (1970), the court held:

"The State may not deny to some the privilege of holding public office that it extends to others on the basis of distinctions that violate federal constitutional guarantees."

In construing the provisions of Section 3 of Article I of the Constitution of Texas and the Fourteenth Amendment to the Constitution of the United States, it was held in Rucker v.

State, 342 S.W.2d 325, 327 (Tex.Crim. 1961):

> ". . . As these provisions have been con-
> strued by the highest courts of this state as well
> as by the Supreme Court of the United States, a
> state law is not repugnant to either constitutional
> provision so long as unequal treatment of persons
> is based upon a reasonable and substantial classi-
> fication of persons. Unequal treatment of persons
> under a state law which is founded upon unreason-
> able and unsubstantial classification constitutes
> discriminatory state action and violates both the
> state and federal constitutions." (Citing numerous
> authorities).

The Court concluded:

> "There appears no reasonable and substantial
> classification of persons which justifies the
> imposition of a $25 fine upon peddlers, salesmen,
> and solicitors and a $200 fine upon all other
> persons for the same act."

Applying the foregoing principles to the provisions of
Subdivision 3 of Article 3.04, Texas Election Code, it is noted
that an officeholder under the State or United States is not
prohibited from holding any political office; on the contrary,
its provisions apply only to certain specific party offices.
Furthermore this prohibition applies to all offices of profit
or trust and is not limited to incompatible duties.

Under the test prescribed by the foregoing cases we
can perceive of no reasonable basis for the classification con-
tained in Subdivision 3 of Article 3.04 of the Texas Election
Code. It was held in Starns v. Malkerson, 326 F.Supp. 234
(1970):

> "Our initial concern is to determine the
> standard we must apply in evaluating the classi-
> fication made by the regulation. When the dis-
> crimination created by a statute or regulation
> infringes on a person's fundamental rights, the
> Supreme Court has said that it is not afforded
> the deference usually given to the judgment of
> state legislatures. See, e.g., Kramer v. Union
> Free School District No. 15, 395 U.S. 621, 627,
> 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); Harper v.

> Virginia State Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966). The test in such a case is not whether there is a 'rational basis' for the distinctions made, but rather whether the distinctions are necessary to promote a 'compelling state interest'. Kramer v. Union Free School District No. 15, supra, 395 U.S. at 627-628, 89 S.Ct. 1886. On the other hand, when the classification does not affect a fundamental right, its constitutionality is to be judged on the basis of whether the distinctions drawn by the statute have some rational relation to a legitimate state interest. See, e.g., McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Lindsley v. Natural Carbonic Gas Co., 200 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911)."

Applying the above principle to the statute we are unable to discern any compelling state interest which is served by making the statute applicable to the chairman and members of a district, county, or city executive committee of a political party and not applicable to the chairman or members of a State executive committee or any other officer of a political party. Nor do we find any reasonable basis for the prohibition when the duties of such political offices are compatible with the duties of the State governmental offices, and the statutory provision thus is unconstitutionally overbroad.

It is therefore our opinion that the provisions of Subdivision 3 of Article 3.04, Texas Election Code, violate the provisions of Section 3 of Article I of the Constitution of Texas and the Fourteenth Amendment to the United States Constitution.

In view of our holding it is unnecessary to answer your remaining questions.

### S U M M A R Y

The provisions of Subdivision 3 of Article 3.04, Texas Election Code, prohibiting a person holding any office of profit or trust under the United States or this State or any city or town in this State from serving as chairman or as a member of any district, county, or city executive committee of a political party is in violation of Section 3 of Article I of the Constitution of Texas

and the Fourteenth Amendment to the United States Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
J. C. Davis
Malcolm Quick
Bill Campbell
Jack Goodman

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant