

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 12, 1973

Honorable J. G. Rodarte, M. D.
President, Texas State Board
of Medical Examiners
1612 Summit Avenue, Suite 303
Fort Worth, Texas 76102

Opinion No. H- 27

Re: May ambulance attendants
not in the physical presence
of a licensed physician pro-
vide emergency medical care
for ill or injured persons if
such care is directed by a
licensed physician by telephonic
or radio communications?

Dear Dr. Rodarte:

Your letter concerning ambulance attendants and asking whether under
certain circumstances they may render emergency medical care presents an
extremely difficult question.

We are not given sufficient facts to determine whether or not ambulance
attendants are practicing medicine. A medical practitioner is defined by
Article 4510, Vernon's Texas Civil Statutes, as any person:

"(1) Who shall publicly profess to be a physician or
surgeon and shall diagnose, treat, or offer to treat, any
disease or disorder, mental or physical, or any physical
deformity or injury, by any system or method, or to effect
cures thereof; (2) or who shall diagnose, treat or offer to
treat any disease or disorder, mental or physical or any
physical deformity or injury by any system or method and
to effect cures thereof and charge therefor, directly or
indirectly, money or other compensation; provided, how-
ever, that the provisions of this Article shall be construed
with and in view of Article 740, Penal Code of Texas, and
Article 4504, Revised Civil Statutes of Texas as contained
in this Act. "

Virtually the same definition is contained in Article 741, Vernon's
Texas Penal Code.

Article 740 of the Penal Code and Article 4504 of the Revised Civil Statutes to which reference is made contain exceptions and provide that neither the penal statute nor the civil statute shall apply to various other occupations specified, including, among others, the teachings of any church in the administration to the sick or suffering without the use of any drug or material remedy; to dentists; to duly licensed optometrists; to duly licensed chiropractors; to nurses "who practice nursing only", etc.

Unless ambulance attendants qualify as nurses, they are not within the exceptions of Article 740 of Vernon's Texas Penal Code or Article 4504 of Vernon's Texas Civil Statutes. Acts 1967, 60th Leg., Ch. 665, p. 1759, is entitled "An Act Relating to the Practice of Professional Nursing". It amended Article 4518, Vernon's Texas Civil Statutes, by adding a § 5 as follows:

> " 'Professional nursing' shall be defined for the purposes of this Act as the performance for compensation of any nursing act (a) in the observation, care and counsel of the ill, injured or infirm; (b) in the maintenance of health or prevention of illness of others; (c) in the administration of medications or treatments as prescribed by a licensed physician or dentist; (d) in the supervision or teaching of nursing, insofar as any of the above acts require substantial specialized judgment and skill and insofar as the proper performance of any of the above acts is based upon knowledge and application of the principles of biological, physical and social science as acquired by a completed course in an approved school of professional nursing. The foregoing shall not be deemed to include acts of medical diagnoses or prescription of therapeutic or corrective measures."

A § 6 was added to Article 4518 at the same time providing that nothing in the chapter was to permit the practice of medicine.

Article 4528, Vernon's Texas Civil Statutes, part of the same act relating to the practice of professional nursing, was amended in 1969 (Acts 1969, 61st Leg., Ch. 476, p. 1571) to read:

"This law shall not be construed to apply to:   the gratuitous nursing of the sick by friends; the furnishing of nursing care where the treatment is by prayer or scriptural means alone; <u>acts done under the control or supervision or at the instruction of one licensed by the Texas State Board of Medical Examiners;</u> Licensed Vocational Nurses; . . ." (Emphasis added)

There is no statute specifically regulating ambulance attendants or prescribing what they may and may not do.   However, Article 4590(b) governing ambulances generally, requires, in § 2, that each ambulance carry as minimum emergency equipment, a first aid kit and traction splints for the proper transportation of fractures of the extremities. By § 3 it requires that each ambulance, when in service, be accompanied by at least one person "who has acquired theoretical or practical knowledge in first aid . . . evidenced by a certificate issued to such person by the State Board of Health".

It is obvious that the statute contemplates that ambulance attendants shall do more than merely transport.

Finally, as you have advised us, the Texas State Board of Medical Examiners has, through the years, recognized the need for emergency treatment in the absence of a licensed physician and has consistently held "that unlicensed persons could legally perform acts which would constitute the practice of medicine if such persons were under the reasonable control and supervision of a licensed physician".

This administrative construction is entitled to great weight.   <u>Burroughs v. Lyles</u>, 142 Tex. 704, 181 S. W. 2d 570 (1944); <u>Heaton v. Bristol,</u> 317 S. W. 2d 86 ( Tex. Civ. App. , Waco, 1958, err. ref. ), cert. den. 359 U. S.  230, 3 L. Ed. 2d, 765,  79 S. Ct.  802 (1959).

You have called our attention to Article la,  Vernon's Texas Civil Statutes, the so-called "Good Samaritan Law".   It provides that no person rendering emergency care shall be liable in civil damages but it expressly excepts from its provisions those who render care for remuneration or with the expectation of remuneration, etc.  We do not believe it has any real bearing upon the question you present.

It is apparent that there is some overlapping of function between those defined as practicing "professional nursing" and those defined as

practicing medicine. To the extent that, factually, it can be said that an ambulance attendant is practicing the functions of a nurse, the exception of Article 4528 of acts done under the control or supervision or at the instruction of one licensed by the Texas State Board of Medical Examiners will apply provided, in fact, the ambulance attendant is acting under the control or supervision or at the instruction of a licensed physician.

On the other hand, if he goes further and is factually performing the function of a physician rather than that of a nurse, there is no exception which would apply and we feel that technically he would be in violation of the statutes. As a practical matter, it is unlikely that under those circumstances, the statutes would be actively enforced.

## SUMMARY

Ambulance attendants not in the physical presence of a licensed physician who provide emergency care within the scope of nursing, acting under the control or supervision or at the instruction of a licensed physician by telephonic or radio communications, are not engaged in the unlawful practice of medicine. However, those who provide care beyond the scope of nursing well may be practicing medicine in violation of law even though care is directed by a licensed physician by telephonic or radio communications.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee                    p. 117